RHALL v. BOARD OF EDUCATION OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

SCHOOL-ATTENDANCE OFFICERS—NEGLIGENCE—LIABILITY OF CITY.

A city is not liable for a negligent injury inflicted on a truant schoolboy by an attendance officer while in the performance of his duties; the appointment of such officers being required, and their duties being prescribed, by Laws 1894, c. 671, as amended by Laws 1896, c. 606, thereby making them officers of the state, and not servants of the city.

Appeal from trial term, New York county.

Action by William Rhall, an infant, against the board of education of New York City. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Appeal from a judgment entered upon an order dismissing the complaint upon the pleadings and upon the opening of counsel. The complaint, after setting up the infancy of the plaintiff, the appointment of the guardian ad litem, and the incorporation of the defendant, alleged: "Third. That on or about the 22d day of June, 1897, a servant, agent, or employé of the defendant above named, while in the course of his employment as said servant, agent, or employé, and while he, the said servant, agent, or employé, was attempting to apprehend the plaintiff above named, he, the said servant, agent, or employé of the defendant, carelessly, wrongfully, and violently as-

saulted the plaintiff, without cause and without his consent,- and threw this plaintiff upon the ground, and caused him severe and serious injury. Fourth. That the acts herein complained of were committed by a servant, agent, or employé of the defendant above named while in the course of his employment, and while doing an act within the scope of his authority. Fifth. That the injuries complained of were caused absolutely and solely by the carelessness, negligence, and wrongful act of the defendant, its servant, agent, or employé, and that this plaintiff did not contribute thereto by any negligence on his part."

Counsel for the plaintiff, in opening the case to the jury said: "If the Court Please, and Gentlemen of the Jury: It is a proposition of law that the employer is held liable for the acts of his agent or employé, done in the discharge of his duty, even though the agent may be guilty of a failure to use good judgment, and though he may be even reckless in the discharge of his duty; the principle on which the law holds an employer liable being that he has the power of selection and removal, and control over his agents, and if, by the acts of his agent, a person is injured, it is right that the principal, who has the control over, and the selection of, his agent, should be liable where such a person has been injured. Now, we come, gentlemen, to what I regard as a very serious and pitiful case. This young boy, William Rhall, was in the habit of once in a while playing truant from school; and the law places the duty upon the board of education, under such circumstances, to see that such lads are kept in school, so that they may be educated, for the good of the state,—for the good of us all; and the law has placed in the hands of the board of education of this city, as well as in the hands of authorities in all the different governmental districts of the state, the duty of seeing that this compulsory education is enforced; and that duty is intrusted by law to the board of education, exclusively, which has the full power of regulating this education, and making the rules and by-laws for its enforcement. This duty is, of course, intrusted by the board to what is known as 'attendance officers,' who are within the control of the board absolutely, subject to its direction, and who are responsible to it and removable by it at pleasure. On one day in June last, this boy, while playing on the street, was seen by one of these truant or attendance officers, William W. Lock, who started for the boy in order to arrest him; the law giving him authority to arrest such a boy without a warrant. The boy naturally ran, and the officer pursued him, pursued him into a house, down into a cellar; and, as the youngster leaped up the stairs of the cellar, the officer, standing on the floor, put his hand through the railing, and grasped the boy in the crotch. The boy begs piteously, but the officer continues to draw him down. The boy falls down in agony, and, as we intend to show, is practically ruined for life in the functions of that part of the body. Gentlemen of the jury, these are the facts we intend to prove, and ask for a verdict commensurate with the injuries; proving, of course, negligence of the officer who perpetrated these injuries while in the discharge of his duties to the board of education, and who still holds that office in that board. We ask for a verdict of $20,000."

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Samuel Guggenheimer, for appellant.
Theodore Connoly, for respondent.

McLAUGHLIN, J. The statute referred to by counsel in his opening, under which Lock, the attendance officer, was appointed, is the compulsory education law. This act (chapter 671, Laws 1894, as amended by chapter 606, Laws 1896) provides that all children between 8 and 16 years of age, in proper physical and mental condition to attend school, shall regularly attend upon instruction at a school in which at least the common school branches are taught, and that the school authorities of each city or school dis-

trict shall appoint and may remove at pleasure one or more attendance officers of such city or district, and shall fix their compensation, and may prescribe their duties, not inconsistent with the act, and may make rules and regulations for the performance thereof, and that the superintendent of schools of such city or school district shall supervise the enforcement of the act within such city or school district. The act also provides that the attendance officer appointed may arrest without warrant any child between 8 and 16 years of age found away from his home, and who then is a truant from instruction. The plaintiff predicates his right to recover on the ground that the rule of respondeat superior applies, and that the defendant, having appointed Lock, must be held responsible for his negligent acts. We are of the opinion that the rule sought to be invoked has no application to the facts presented, and that it does not apply to the relations existing between the board of education and the attendance officer appointed under the statute referred to. That rule only applies when the employer has the power to select his servants, to discharge them if not competent or skillful or well behaved, to prescribe their duties, and to direct and control them while in his employ. Maxmillian v. Mayor, etc., 62 N. Y. 163. The defendant, in appointing the attendance officer, Lock, did not do so voluntarily, but only in obedience to the positive command of the state, as expressed in the statute; and, after the appointment, Lock's duties were prescribed by the statute, and not by the defendant. He was therefore not a servant of the defendant, but an officer of the state. The duties performed by him were solely for the state, in which the defendant had no private interest, and from which it derived no special benefit whatever. It is well settled that where a municipal corporation elects or appoints an officer in obedience to an act of the legislature, as in this case, to perform a public service in which the corporation itself has no private interest, and from which it derives no special benefit or advantage in its corporate capacity, such officer cannot be regarded as the servant or agent of the municipality for whose negligence or want of skill it can be held liable. Maxmillian v. Mayor, etc., 62 N. Y. 165; Donovan v. Board, 85 N. Y. 117; Hughes v. Monroe Co., 147 N. Y. 49, 41 N. E. 407; Hill v. City of Boston, 122 Mass. 344; Reynolds v. Board, 33 App. Div. 88, 53 N. Y. Supp. 75. The case of Reynolds v. Board, supra, is directly in point, and renders a further discussion of the question here presented unnecessary. There the action was brought to recover damages for injuries sustained by a boy 11 years of age, alleged to have been caused by the negligence of an attendance officer appointed by the defendant under the same statute as the attendance officer in the case before us was appointed; and Mr. Justice Adams, delivering the opinion, in which all the other members of the court concurred, reached the conclusion, after an exhaustive review of the authorities bearing on the subject, that the action could not be maintained against the board of education; that an attendance officer is a creation of the statute; that the board of education is bound to make an appointment; that it has

no private interest in the duties performed by the officer, and derives no special advantage from the same; and that his duties are essentially and conclusively of a public character, and performed solely for the public. In this view we fully concur.

The judgment is right, and should be affirmed, with costs to the respondent. All concur.