THE PEOPLE OF THE STATE OF NEW YORK ex rel. AUGUSTUS
    H. MOREY, Respondent, *v.* THE TOWN BOARD OF AUDIT OF
    THE TOWN OF OYSTER BAY, Appellant.

1. HIGHWAYS — CONTRACTS BY COMMISSIONERS MUST BE EXPRESSLY AUTHORIZED BY STATUTE. Commissioners of highways are not agents of the town, having the right to represent it and contract for it in real or supposed emergencies, and are without authority to make any contract binding upon the town unless it is specifically authorized by statute.

2. AUTHORIZED CONTRACT FOR REBUILDING BRIDGE — INVALIDITY OF INDEPENDENT CONTRACT BY COMMISSIONERS FOR SUPERVISION OF THE WORK — HIGHWAY LAW (L. 1890, CH. 568, § 10). Where, under section 10 of the Highway Law (L. 1890, ch. 568), commissioners of highways have, with the consent of the town board, entered into a written contract for the rebuilding of a bridge at a cost exceeding $500, the fact that the section does not expressly prohibit it does not authorize them to enter into an independent contract for the supervision of the work, not in writing and without the consent of the town board, although its amount is less than $500. In order to charge the town such contract, whatever its amount, should have received the consent of the town board, have been reduced to writing and approved by the board.

*People ex rel. Morey* v. *Town Board*, 80 App. Div. 280, reversed.

(Argued June 2, 1903; decided June 16, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 6, 1903, reversing a determination of the town board of audit of the town of Oyster Bay, in Nassau county, and remitting the proceedings to the said board with instructions to audit and allow the relator's claim in part and take proof as to another part, and pass upon said claim as to said other part upon the merits thereof.

The facts, so far as material, are stated in the opinion.

*George B. Stoddart* for appellant. Section 10 of chapter 568 of the Laws of 1890, known as the Highway Law, vested no power in the highway commissioners to create a liability against the town for the relator's claim for service. (*People ex rel.* v. *Bd. of Suprs.*, 93 N. Y. 397; *People ex rel.* v. *Bd. of Suprs.*, 82 Hun, 298; *People ex rel.* v. *Town Auditors*, 74 N. Y. 315; *Matter of Crawford*, 36 Barb. 566.)

*Joseph Steinert* for respondent. The employment of the relator and the performance by him of the services claimed for were authorized by law. (Highway Law, §§ 10, 130; *People ex rel.* v. *Town of Campbell*, 72 N. Y. S. R. 82.) The services of the relator were necessary. (Highway Law, § 145.)

Parker, Ch. J.    The order herein should be reversed and the proceeding dismissed on the ground that the highway commissioners of the town of Oyster Bay had not authority to contract with petitioner to superintend the work upon the bridge, the rebuilding of which was authorized by the town board pursuant to section 10 of the Highway Law.   The town board did authorize the commissioners to enter into a written contract with the American Bridge Company to make the repairs on said bridge for $10,300 ; and it authorized the making of no other contract in connection therewith.   The contract for rebuilding was made at the sum authorized. Petitioner claims that another independent contract was entered into between the commissioners of highways and himself by which he was to superintend the doing of such work and to receive for his services $3 per day, and that the number of days devoted by him to the task entitled him to $279.

The statute provides that such a repairing or rebuilding cannot take place unless consented to by the town board, and "if the expense thereof exceed $500, it shall be done under a written contract therefor which must be approved by the town board."   That procedure was followed with reference to the contract to repair the bridge, but the town board did not consent to the making of any contract with petitioner, nor was it in writing and approved by the town board, as the statute contemplates.

Now, it is said in the opinion of the court below : "I find nothing in section 10 of the Highway Law which prohibits the employment of a competent person for the purpose, irrespective of any consent in advance by the town board.   The only consent prescribed by that section appears to be a consent in general terms to the immediate repair or rebuilding of the unsafe or damaged structure."   Therein lies the fallacy of the decision, to my mind.   It assumes that commissioners of highways have authority to incur other expense in connection with the rebuilding of a bridge under section 10 than therein authorized, provided it is not prohibited in terms by the section.

There might possibly be some slight foundation for an argument in that direction if the commissioners of highways were agents of the town, having the right to represent it and contract for it in real or supposed emergencies. But they are not agents of the town.

In *People ex rel. Van Keuren* v. *Town Auditors* (74 N. Y. 310) the court—after calling attention to the statutory provisions conferring upon highway commissioners the care and superintendence and the laying out and discontinuance of highways, the receipt and disbursement of money raised by taxation for the maintenance of highways and its application in the administration of the highway system in the discretion of the commissioners, and independently of any control of the town; and after referring to the provisions showing that the town is not liable for the neglect of the commissioners to perform their duties, and that highways are not the property of the town nor for the use of its inhabitants alone, but are controlled by the state for the use of the whole community, although the state provides in most instances that the construction, repair and maintenance thereof shall be borne in some form by the locality of which the town is generally the unit—summed up the result as follows: "The election of commissioners of highways by the towns is a convenient method of designating suitable public agents to discharge the duties imposed for general public purposes upon those officers, and the state has committed to the portion of the public residing in the locality, to determine within certain limits what amount of taxation shall be imposed for the support of highways. These circumstances do not, however, make highway officers the agents of the town, so as to submit the town to liability for their acts. This view has been held by the Supreme Court in many cases." (Citing them.)

In *People ex rel. Everett* v. *Board of Supervisors* (93 N. Y. 397) a judgment was obtained against highway commissioners upon a contract for repairing highways. This court held that the judgment did not establish any liability on the part of the town to the judgment creditors, and after citing

with approval the opinion of Judge Andrews in the *Van Keuren Case (supra)* it said — speaking of commissioners of highways acting under the powers conferred by statute, proceeding independently of any control or direction of the town and owing it no duty or obligation except to disburse the money, with which they are supplied by the town, in good faith and according to their best judgment : "They have no general power or authority to bind the town by their con-tracts or undertakings, and are individually responsible alone to those with whom they contract, if any responsibility is thereby created.  *  *  *  *To impose liabilities upon towns for the repair of their roads and bridges in any other manner than that provided by the statute would defeat the policy of the law as it has stood in this state for upwards of half a century, and would require explicit statutory provision to authorize it.*"

Some indication of the extreme caution which has been observed on the part of the legislature to protect the towns against possible extravagance and misconduct on the part of commissioners of highways will sufficiently appear by refer-ence to three statutes, covering a period of more than half a century.    Chapter 16, Laws 1827, provided that the total amount to be raised on a town for highway purposes should not exceed $250.    By chapter 274, Laws 1832, provision was made authorizing the raising of an additional sum of $250.    By chapter 615, Laws 1857, an additional amount was author-ized not to exceed $750.    Thus the law continued until the enactment of the General Highway Law (Laws 1890, Ch. 568).

Enough has been said, I take it, to make it clear that under the statutes of this state as interpreted by this court the com-missioners of highways of the town of Oyster Bay were with-out authority to make any contract binding upon the town unless it was such a contract as the statute specifically author-izes.    The money which is raised for highway purposes passes into the hands of the highway commissioners and is disbursed by them.    As a check upon the action of the commissioners they are required to present a report of their expenditures

1903.]    People ex rel. Morey v. Town Board.    399

N. Y. Rep.]    Opinion of the Court, per Parker, Ch. J.

with the vouchers in support thereof at the succeeding annual meeting of the town board, and when a contract is made as required by section 10 of the Highway Law in advance of raising money, the same must be audited by the town board and collected in the same manner as amounts voted at town meeting.

The petitioner, appreciating apparently that the authority of the commissioners of highways to make a contract with him could not be presumed, but that the statute authorizing it must be expressly pointed out, alleged in his petition that the commissioners caused the bridge to be rebuilt by consent of the town board, and, because the expense exceeded $500, it was done under written contract, duly approved by said town board. And in the copy of his bill which was presented to the town board for audit, and made a part of the petition, he described the character of the service and the authority for it in these words: "To work and labor performed upon the employment of said highway commissioners, *in the extraordinary repairs or rebuilding by the said commissioners of the public bridge at Bayville in said town*, in accordance with the resolution of the town board of said town adopted on or about March 26th, 1901, consenting to such repairs, or rebuilding, on the following days at $3 per day."

The petition, therefore, by which petitioner must be bound points to section 10 of the Highway Law as the alleged authority of the commissioners to employ him to superintend the work, the contract for which was entered into, as we have seen, by the commissioners with the approval of the town board. Unless, therefore, that section authorized the commissioners of highways to make a further contract in connection therewith, not in writing, and without the consent of the town board, it was made without statutory authority, and the town is not bound.

The expense of rebuilding exceeded $500. So it could not be done under the statute except under a written contract approved by the town board. If several different contracts be required to cover the entire work where the gross amount

of the cost exceeds $500, each and every one of those contracts must, of course, be in writing and be approved by the town board. Otherwise the scheme of the statute could be overthrown by subdividing the work into a large number of contracts, each for less than $500.

Such a construction of the statute is not admissible, and hence the commissioners of highways had no authority to make an independent contract with reference to these extraordinary repairs. In order to charge the town under this statute it was necessary, inasmuch as the total amount exceeded $500, that, if there were several contracts, each one — whatever its amount — should have been in writing and approved by the town board. As this was not done the town was not in any wise bound by the contract which the commissioners made with relator, and the action of the town board, therefore, in declining to audit the bill was correct.

If it be asked, how could the commissioners be assured of the faithful performance of the contract? — my answer is, *first*, that necessity cannot in any event take the place of statutory authority; *second*, that another and general statute provided for such situations — the statute which points out the duties of commissioners of highways, in the performance of which one or all of them should have made all necessary and proper inspection and charged for it at the rate per day permitted by law; and *third*, if there be necessity for expert service which a commissioner of highways cannot render in the course of a construction costing more than $500, the town board may consent to the employment of a competent person and the contract of employment may be reduced to writing and approved by the town board, in which case the contract price becomes a charge on the town by command of the statute.

The order should be reversed and the proceeding dismissed, with costs.

O'BRIEN, BARTLETT, CULLEN and WERNER, JJ., concur; GRAY and HAIGHT, JJ., dissent.

Order reversed, etc.