MARGARET LYNCH, Respondent, v. THE TOWN OF RHINE-BECK, Appellant.

Towns — highways — liability of town for injuries caused by defective highways — to sustain recovery evidence must show negligence of town superintendent of highways.

1. Under the Highway Law a town cannot be held liable for injuries, by reason of a defect in its highways, unless upon the same facts the commissioner of highways would have been liable prior to the enactment of chapter 700 of the Laws of 1881 (Highway Law, §§ 74, 75; Cons. Laws, ch. 25).

2. The liability of a town for injuries received by reason of defective highways is purely statutory. To justify a recovery therefor it is essential that the evidence should show acts of negligence upon the part of the town superintendent, which officer has succeeded to the general powers of the highway commissioner. (Highway Law, § 40; Cons. Laws, ch. 25.)

3. The town superintendent is not the agent of the town, but an independent public officer with defined and limited powers. The

office of pathmaster is not recognized or provided for in the High-way Law, neither does the statute authorize the appointment of such an officer by the town superintendent or permit him to dele-gate the duties imposed upon him by law. The acts of a person claiming to be his deputy cannot be imputed to him, nor is the town liable therefor.

*Lynch* v. *Town of Rhinebeck*, 149 App. Div. 921, reversed.

(Submitted December 12, 1913; decided December 30, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 21, 1912, affirming by a divided court a judgment in favor of plaintiff entered upon a verdict.

The plaintiff, a resident of Rhinecliff, an unincorporated village in the town of Rhinebeck, returned from a day's visit to Poughkeepsie about nine o'clock in the evening on the 19th day of April, 1910. At that time rain was falling and the night was quite dark. She proceeded from the depot towards her home up Main street to the junction of Charles street with Main street. At, or near, the intersection of the two streets an excavation some four feet in depth, six or seven feet in length, and four or five feet in width had been made in the highway which extended up to the curb of Charles street. A leak in a pipe had caused the condition of the highway, which had been filled and settled, and on the morning of the day in question work had been commenced to repair the same.

It was asserted on behalf of the plaintiff that the exca-vation was not guarded or properly lighted, and, as a result thereof, she was precipitated into the hole and sus-tained serious injuries. Plaintiff claims that defendant is liable for the damages resulting from the injuries sus-tained and this action was brought to enforce the liability.

One Staley was elected town superintendent of high-ways of the town of Rhinebeck about one year before the accident. Prior to his election as town superintendent he had been commissioner of highways. Upon the trial one Leary testified that he had been appointed by Staley four

or five years before the accident to look after Rhinecliff district number eight, embracing the highway where the excavation had been made; he was to make necessary repairs and had charge of making the excavation mentioned, and his bills were usually audited by the town board. The plaintiff did not offer evidence of any knowledge on the part of Staley as to the condition of the highway or any employment of Leary otherwise than as stated.

*Charles Morschauser, A. Lee Wager* and *Charles Esselstyn* for appellant. The liability of the town is based solely and wholly upon the personal neglect of its superintendent, and where the defect was created by an overseer of highways, who was not directly authorized by the commissioner, and he was not present at any time during its creation or thereafter prior to the accident, and had no knowledge of its existence, the town is not liable and the neglect of the overseer is not imputable to the commissioner and no recovery can be had against the town. (*Booth* v. *Town of Orleans,* 66 Misc. Rep. 339.) The liability of the town is purely a statutory one. It is measured by the liability which existed against the commissioner before the statute was passed. (*Lane* v. *Town of Hancock,* 142 N. Y. 510; *Winchell* v. *Town of Camillus,* 109 App. Div. 341; *Monk* v. *Town of Utrecht,* 104 N. Y. 552; *Bryant* v. *Town of Randolph,* 133 N. Y. 70.) The court erred in admitting the evidence of one William Horton as to conversations had between him and James Leary in the absence of Mr. Staley, the town superintendent. (*Vandewater* v. *Town of Wappinger,* 69 App. Div. 325; *Fox* v. *Vil. of Manchester,* 183 N. Y. 141; *White,*v. *L. & Y. F. R. Co.,* 94 App. Div. 4.)

*George Wood* and *Gaius C. Bolin* for respondent. The trial court made no error in admitting the testimony of William Horton as to a conversation had between him and

James Leary, the deputy town superintendent of highways, who had charge of the highway district in which the accident happened. (*Fordham* v. *Gouverneur Village*, 160 N. Y. 544; *Quinlan* v. *City of Utica*, 11 Hun, 217; 74 N. Y. 603; *Gilrie* v. *City of Lockport*, 122 N. Y. 403; *Whitney* v. *Town of Ticonderoga*, 127 N. Y. 41.)

HOGAN, J.    Under the Revised Statutes (Section 1, article 1, title 1, chapter 16 [sixth edition], vol. 2, page 135), a commissioner of highways was charged with the superintendence of highways and held individually responsible at the suit of an individual who had sustained injury by reason of a defect in the highway after notice to the commissioner of the condition of the roadway, and a failure to exercise reasonable and ordinary diligence to repair the same, provided he had the necessary funds to make such repairs. (*Hover* v. *Barkhoof*, 44 N. Y. 113; *People ex rel. Van Keuren* v. *Board of Town Auditors of Esopus*, 74 N. Y. 310.)

A liability was first imposed upon the several towns of this state for damages to person or property by reason of defective highways or bridges in such town by chapter 700 of the Laws of 1881, in cases in which the commissioner or commissioners of highways of said towns were theretofore by law liable therefor.

The statute further provided that in the event of the recovery of a judgment against a town, due to the misconduct or negligence of a commissioner of highways, the town was authorized to maintain an action against the delinquent commissioner for the amount of such judgment.

Chapter 30 of the Laws of 1909, known as the Highway Law (Consolidated Laws, volume 2, chap. XXV), repealed the provisions of the Revised Statutes relating to highways, chapter 700 of the Laws of 1881 and the Highway Law of 1890. By section 40 of the Highway Law the office of town superintendent of highways was

created, the officer to be elected at the biennial town meeting, unless the town should adopt a resolution for the appointment of such official. The powers and duties of the town superintendent of highways are enumerated in the statute, and embrace the general powers theretofore conferred upon the commissioner or commissioners of highways.

Overseers of highways are not mentioned in the Highway Law. Section 44 of the Highway Law provides that the town board may, in its discretion, upon the recommendation of a town superintendent, appoint a deputy town superintendent to be nominated by the town superintendent, to assist him in the performance of his duties, such deputy to act as such during the pleasure of the town superintendent. By section 74 the liability of a town for damages to person or property for any defect in the highway due to the negligence of a town superintendent is continued in practically the same language which was used in chapter 700 of the Laws of 1881, and by the following section (75) a right of action against a town superintendent is given to the town in cases where the town is obliged to pay a judgment obtained against it, due to the neglect of the town superintendent.

Under the Highway Law the defendant in this action cannot be held liable for the alleged injuries to the plaintiff unless upon the same facts the commissioner or commissioners of highways would have been liable prior to the enactment of chapter 700 of the Laws of 1881. (*Clapper* v. *Town of Waterford*, 131 N. Y. 382, 388; *Lane* v. *Town of Hancock*, 142 N. Y. 510; *Monk* v. *Town of New Utrecht*, 104 N. Y. 552, 557; *Farman* v. *Town of Ellington*, 46 Hun, 41, affirmed, 124 N. Y. 662.)

Mr. Leary, who undertook the repair of the highway where the accident occurred, testified that his appointment to look after that portion of the highway was made by Mr. Staley when he was commissioner of highways

four or five years before the date of the accident (which would antedate the enactment of the Highway Law providing for the office of town superintendent of highways), and that in doing the work in question he was acting for the town in his official capacity under Mr. Staley, the road commissioner.

After plaintiff rested, in response to an inquiry by the trial justice, counsel for defendant stated that Mr. Leary was appointed pathmaster by the town superintendent and given a district to have charge of under the town superintendent. Thereupon plaintiff reopened the case and called Mr. Leary, who testified in substance as stated.

The trial justice charged the jury, as matter of law, "that if there was any negligence on the part of Leary in the care and maintainance of this highway which caused the plaintiff's injury that this is to be regarded as the negligence of the town superintendent, and for that negligence the town of Rhinebeck is liable, provided there was not negligence on the part of plaintiff that contributed to bring about the accident," and that said Leary represented the town superintendent, and his failure to exercise reasonable care in the doing of the work which under the law the town superintendent was charged with would be the negligence of the town superintendent himself, and for that negligence the town would be liable.

A town superintendent of highways is not the agent of the town (*People ex rel. Morey* v. *Town Board of Oyster Bay*, 175 N. Y. 394), but an independent public officer with defined and limited powers. While he is charged with the superintendence of highways, and may employ labor necessary to perform his duty in that respect, the power of appointment of a deputy is not vested in him but in the town board. The office of pathmaster is not recognized or provided for in the Highway Law, neither does the statute authorize the appointment of such an officer by the town superintendent or permit the latter named, a

public officer charged with a duty involving the exercise of judgment and discretion, to delegate the duties imposed upon him by law.

The liability of the town is purely statutory. To justify a recovery by plaintiff it was essential that the evidence should show acts of negligence upon the part of the town superintendent. The record fails to disclose knowledge of the condition of the highway by the town superintendent, or that the excavation had existed for such a length of time as to charge him with notice of a defect therein; that he undertook the repair of the same, or that Mr. Leary was appointed a deputy in the manner provided by law, therefore, his act could not be imputed to the town superintendent or to the defendant, and the charge of the trial justice quoted above was error.

Prejudicial error also arose by the admission in evidence of the declarations of Leary to the witness Horton. (*Cook* v. *Village of Mohawk,* 207 N. Y. 311–313.)

The judgment should be reversed and new trial granted, costs to abide the event.

CULLEN, Ch. J., WERNER, HISCOCK, CHASE, COLLIN and CUDDEBACK, JJ., concur.

Judgment reversed, etc.