PHILIP FREEBOLD, Respondent, *v.* TOWN OF GLEN, Appellant.

Third Department, January 7, 1925.

Towns — action against town to recover for injuries suffered by plaintiff when his truck broke through bridge and for injuries to truck — error to ask witness whether plaintiff's load of " gravel " was heavy — instructions — error to charge that negligence could be predicated on failure of town to have superintendent of highways — liability of defendant must be based on negligence of superintendent of highways under Highway Law, § 74.

In an action to recover damages suffered by the plaintiff arising out of personal injuries and injuries to his automobile truck, which were suffered when plaintiff's truck, loaded with one-half yard of gravel, broke through a bridge, it was

prejudicial error, the case being a close one, to permit a witness for the plaintiff to testify that he did not consider that the " gravel " on the plaintiff's truck at the time of the accident constituted a heavy load, since that opinion was not communicated to the plaintiff and since the gravel was only a small portion of the weight of the load.

It was error for the court to charge, at the plaintiff's request, that if the jury found that the town did not have a superintendent of highways at the time of the accident and for more than three weeks prior thereto it could find that the town was negligent, since, though the superintendent of highways disappeared shortly before the accident, he had not resigned and his office was not then vacant, and since the defendant's liability cannot be predicated upon its negligence in failing to have a town superintendent of highways. The liability of the town can be predicated only on the negligence of the superintendent of highways under section 74 of the Highway Law.

APPEAL by the defendant, Town of Glen, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 25th day of June, 1924, upon the verdict of a jury for $2,000.

*Christopher J. Heffernan,* for the appellant.

*Bond, Schoeneck & King [Edward L. Robertson* of counsel], for the respondent.

VAN KIRK, J.:

Mr. Manley in 1922 took a contract to build a State road in the town of Glen, Montgomery county. His foreman on the job was Mr. Collyer. For this job he drew gravel over an ordinary country dirt road in a farming district. In this road was an old bridge across a creek, having steel girders and truss rods. In 1922, after examining this bridge, he told Mr. Faulknor, the town superintendent of highways, in substance that he did not think this bridge was safe for heavy loads. At Mr. Faulknor's request he and Collyer immediately placed props under the bridge and drew loads of gravel over it during 1922. The following winter or spring these props were carried out. It does not appear that this fact was known to the town superintendent, who, about three weeks before the accident which gave rise to this action, left the town. He did not resign his office and it was not known to the members of the town board where he was. It appears now that he had absconded. Plaintiff with his truck, which weighed 10,400 pounds, was hired by Mr. Collyer on this job. He began drawing gravel May 26, 1923. He went across this bridge to the gravel bed, placed in the truck a half to three-quarters of a yard of gravel and, when returning across the bridge, it fell; and he and the truck were precipitated to the bed of the stream, causing the injuries to the truck and to himself.

The serious question is whether plaintiff's negligence contributed

to his injuries. Mr. Hazzard, a witness for the defendant, testified that, on the day before the accident, he was talking with the plaintiff and said, speaking of the bridge in question: " If you go over that bridge with that big truck you want to be careful, because it might go down." The plaintiff was asked whether, on the twenty-fifth day of May, he had a conversation with Hazzard regarding this bridge and he answered: " I do not remember that I did." When recalled as a witness, after the testimony of Hazzard, he said he did not have any talk with Hazzard. The cross-examination as to this as follows: " Q. Do you recall saying to me this morning in your cross-examination that you didn't know whether you talked to Hazzard or not? A. I said I didn't remember of talking to him. Q. Do you remember now? A. No, sir. Q. That is, you don't know whether you did or not? A. I don't remember of talking to him. Q. And that is as strong as you want to put it, isn't it? A. Well, I don't know the man, didn't see him that I know of. Q. Is your answer to this jury now that you don't remember? A. As far as I know I didn't talk with him." This is not a very direct denial of Hazzard's testimony. The plaintiff called Mr. Collyer, thus vouching for his credibility; he testified that before the accident he told plaintiff " that he mustn't cross that bridge with a heavy load." This is not contradicted. A full load for this truck was four or five cubic yards. A cubic yard of gravel weighs 2,700 pounds; a half a yard, therefore, weighs 1,350 pounds and three-quarters of a yard more than 2,000 pounds. The truck and the load, at the time it went through the bridge, weighed six tons or more. The plaintiff then knew that this was a dangerous bridge under a heavy load. Not only had he been warned, but he appreciated the warning. While receiving his full pay, he served his employer by drawing but a small fraction of a full load. He now represents that in his opinion a half or three-quarters of a cubic yard of gravel is not a heavy load, but in so representing he would have the court overlook the fact that the truck, weighing 10,400 pounds, was part of the load on the bridge. When the accident happened the bridge was subject to a heavy load — over six tons — and he had been warned not to cross it with a heavy load. He had not been advised what was a heavy load, nor had he means of knowing; he could only guess. There is evidence plainly indicating that he knew he was taking chances and courting danger in crossing this bridge with this truck and the gravel; and it may be argued that a man who has been warned that a bridge is unsafe under a heavy load may not be excused from negligence because he has made a poor guess between what is just heavy enough and what is too heavy for

that bridge. He was not working for the town or its superintendent of highways. In drawing this gravel he was following the directions of his employer, Manley. There is some difference of opinion among the members of the court whether as a matter of law the plaintiff was guilty of contributory negligence; but, in view of the fact that a new trial must be had, this question is left to be decided hereafter if it becomes necessary on the evidence as it may then be presented. (See *Matter of Lorchitsky* v. *Gotham Folding Box Co.,* 230 N. Y. 8, 13.)

There were errors prejudicial to the appellant in the rulings of the court. Mr. Collyer was asked: "You heard the testimony of the last witness that this load upon this truck was from a half to three-quarters of a yard? A. Yes, sir. Q. Would you consider that a heavy load?" Defendant objected and excepted to the ruling. "A. No, sir." There was no attempt to prove that this opinion of his had ever been communicated to the plaintiff and the evidence was intended to and naturally would fortify in the minds of the jury the plaintiff's estimate of what was a heavy load and that the gravel was the only load on the bridge. We think this ruling was erroneous; that this evidence was misleading and in a case so close prejudicial.

At the close of the charge plaintiff's counsel made the following request: "I will ask your Honor to charge that the jury may find that the defendant is negligent from the fact that it failed to have a superintendent of highways for more than three weeks prior to the date of this accident, if they so find from the evidence. The Court: There is no evidence of that by the town records, by any competent evidence. I so charge you." The plaintiff now claims that this statement of the court is confusing. We think the meaning was plain. The court plainly charged the request as made. Before ruling he commented that there was no evidence that they had had a superintendent of highways for more than three weeks prior to the accident. The words which would be impressed upon the jury were "I so charge you." This was an erroneous charge. The town had a superintendent of highways properly chosen. He had not resigned and his whereabouts were not known. Also negligence or failure of duty on the part of the town has no place in this case; the town superintendent is not the agent of the town. A right to recover in this case is based upon the fall of the bridge due to some defect existing through the negligence of the town superintendent. The liability of a town for an injury due to such cause is purely statutory and recovery therefor can be had solely upon the ground that negligence of the town superintendent was the proximate cause thereof. (*Lynch* v. *Town of Rhinebeck,*

210 N. Y. 101, 107; Highway Law, § 74, as amd. by Laws of 1918, chap. 161.) Negligence of the town superintendent is in no sense involved in this charge.

On account of these errors the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.