FREDERICK BROKAW, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Court of Claims, February 3, 1937.

*Sutherland & Sutherland [Andrew R. Sutherland* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General [Paul Muscarella, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. This is a motion made pursuant to subdivision 5 of section 15 of the Court of Claims Act for permission to file a claim against the State of New York. The claim proposed to be filed alleges in substance that on July 30, 1935, while the claimant was a prisoner at Monroe County Penitentiary, Rochester, on commitment from the city of Dunkirk, and while assisting in hay harvest as ordered and under the direction of the institution's farm superintendent, he was injured when a rope used in hoisting bundles of hay became coiled around his right ankle. The injuries necessitated amputation. An auto truck which was out of claimant's sight was used to pull the hoisting rope through a pulley. Claimant's duties required him to take in and coil the rope when it was slack. Claimant further alleges that a guard hired and employed at the Monroe

County Penitentiary stood near claimant but at a point where the guard could see both the claimant and the auto truck and instructed claimant when to take in slack and when to stand away from the rope; that claimant relied upon the guard to give him warning. The allegation of negligence is that the guard left his position and failed to warn claimant that the auto truck was about to move forward.

In charging the State of New York with liability for the alleged negligence of the Monroe County Penitentiary employees, the claimant relies upon the fact that the penitentiary is a correctional institution under the jurisdiction of the State and subject to visitation and inspection by the State Commission of Correction. (State Const. art. 8, § 11; Correction Law, §§ 46, 47, 48.)

We find it unnecessary to determine whether the claimant had a reasonable excuse for failing to file his claim within sixty days of the accident or whether the State has been prejudiced by his failure so to file because it is first necessary for the claimant to show that he has a cause of action against the State of New York. We believe that he has not.

It is true that we have held under section 12-a of the Court of Claims Act that the State was liable for the negligence of the officers and employees of a privately-owned corporation to which a claimant had been committed pursuant to chapter 603 of the Laws of 1902. In this we were sustained by the Court of Appeals. (*Paige* v. *State*, 269 N. Y. 352.) But our award was based upon the proposition that the employees of that institution were in fact employees of the State. On that basis it was affirmed. The Court of Appeals rejected the theory that the State was liable because of " a substantial disregard of the duty of inspection and supervision which the statute requires." (See *Paige* v. *State*, 245 App. Div. 126; also compare State Charities Law, § 20, with provisions of Correction Law, *supra*.)

Here, assuming all of the facts set forth in the proposed claim and in the moving papers to be true, nevertheless we cannot hold that the penitentiary's farm superintendent and guard were officers and employees of the State of New York. They were employees of the county of Monroe. That was and remains a separate civil division of the State. The application must be denied.

BARRETT, P. J., concurs.