In the Matter of the Claim of MILDRED CLARKE, Respondent, against TOWN OF RUSSIA, Employer, and the HERKIMER COUNTY MUTUAL SELF-INSURANCE PLAN OF HERKIMER COUNTY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 1, 1939.

*Chester J. Winslow, County Attorney*, for the appellant.

*John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

*James M. O'Hara*, for the claimant.

HILL, P. J. I favor an affirmance of the award. The decedent was employed by the authority of the superintendent of highways of the town of Russia. He was a member of the town board. It is the duty of the town superintendent of highways of a town to " employ such persons with teams and implements, as may be necessary for the proper maintenance and repair of town highways and bridges, * * * subject to the approval of the town board, as hereinafter provided, and provide for the organization and supervision of the persons so employed. He shall file a list of the names of the persons so employed, with the compensation paid to each, and the capacity in which they were employed in the office of the town clerk." (Highway Law, § 140, subd. 4.) The supervision by the town board is the subject of section 284 of the Highway Law. It provides in substance that the moneys levied and collected by taxation, together with those received from the State, " shall be expended for the repair and improvement of such highways, sluices, culverts, and bridges and walks, at such places and in such manner as may be agreed upon by the county superintendent of highways, the town board and town superintendent. * * * Such moneys

shall be paid out by the supervisor on the written order of the town superintendent." Employment of laborers by a town superintendent of highways is not subject to approval by the town board. (*Matter of Hiscox* v. *Holmes*, 237 App. Div. 240.) The town superintendent acts in his official capacity, independent of control and direction on the part of the town, and owes it no duty or obligation except to disburse the moneys which are supplied by the town and the State wisely and in good faith, under the agreement and allocation made by the county and town superintendents and the town board. (*People ex rel. Morey* v. *Town Board*, 175 N. Y. 394; *People ex rel. Everett* v. *Board of Supervisors*, 93 id. 397; *People ex rel. Van Keuren* v. *Town Auditors*, 74 id. 310.) The town superintendent and his employees are entitled to the benefits of the Workmen's Compensation Law. (*Matter of Dann* v. *Town of Veteran*, 254 App. Div. 462; affd., 278 N. Y. 461.) Decedent, as a member of the town board, participated with his fellow members and the town and county superintendents of highways in allocating the funds to the different highway and bridge projects within the town, and the town board could exercise a limited supervision as to the individuals employed to work upon these projects, but this did not make it illegal for the superintendent of highways to employ decedent to shovel gravel. He was still an employee of the town in spite of a possible theoretical incompatibility between his official functions and the employment. (*Wolfe* v. *Trask*, 249 App. Div. 11; *Matter of Mayor of Village of Lake George*, 242 id. 723; *Matter of Luce* v. *Beiter*, 239 id. 23; *Matter of Slack*, 234 id. 7.)

The award should be affirmed.

CRAPSER and HEFFERNAN, JJ., concur; BLISS, J., dissents, with an opinion, in which SCHENCK, J., concurs.

BLISS, J. (dissenting). The question raised on this appeal and before the Industrial Board below was whether the employment of decedent, a justice of the peace for the town of Russia, by that same town, was legal so as to form the basis for an award to his widow and child of death benefits under the Workmen's Compensation Law.

The relation of employer and employee is contractual and must exist or there can be no award under the Workmen's Compensation Law. A void contract of employment will not sustain such an award.

In the instant case there could be no valid contract of employment. A public officer may not be interested in any contract with the municipality of which he is an officer. Such contract

was void under the common law. Apropos of this subject our court has said: " The illegality of such contracts does not depend upon statutory enactments, they are illegal at common law. It is contrary to good morals and public policy to permit municipal officers of any kind to enter into contractual relations with the municipality of which they are officers. And this principle applies with particular force to members of a board like a board of supervisors, which not only makes the contract but subsequently audits the bill." (*Beebe* v. *Supervisors of Sullivan County,* 64 Hun, 377; affd. on opinion below, 142 N. Y. 631. See, also, 2 McQuillin on Municipal Corporations [2d ed.], p. 211, § 531; 6 Williston on Contracts [Rev. ed.], p. 4895, § 1735.)

In addition to such contracts being void at common law it has been made a crime by statute for public officers to voluntarily become individually interested in certain of such contracts. (Penal Law, § 1868.) This is not a case of illegal employment or one which is voidable only. It is a contract which was wholly void and no rights may spring therefrom.

The award should be reversed and the claim dismissed.

SCHENCK, J., concurs.

Award affirmed, with costs to the State Industrial Board.