PHILLIP HAY, an Infant, by DONALD HAY, His Guardian ad Litem, Plaintiff, *v.* TOWN OF ONONDAGA, Defendant.

DONALD HAY, Plaintiff, *v.* TOWN OF ONONDAGA, Defendant.

RICHARD JOHNSON, an Infant, by HERBERT JOHNSON, His Guardian ad Litem, Plaintiff, *v.* TOWN OF ONONDAGA, Defendant.

HERBERT JOHNSON, Plaintiff, *v.* TOWN OF ONONDAGA, Defendant.

HERMAN KREIS, an Infant, by EMIL KREIS, His Guardian ad Litem, Plaintiff, *v.* TOWN OF ONONDAGA, Defendant.

EMIL KREIS, Plaintiff, *v.* TOWN OF ONONDAGA, Defendant.

Supreme Court, Trial Term, Onondaga County, February 4, 1949.

*Arnold A. Dettor* for plaintiffs.

*Paul R. Shanahan* for defendant.

SEARL, J. Verdicts have been rendered in favor of all above-named plaintiffs. Defendant moves for new trials. The cases were tried together with an additional action in which Robert Hay, by guardian, as owner and driver of a motor vehicle, against the same defendant, likewise brought a claim for personal injuries. The jury in the last-named action returned a verdict in favor of the defendant.

The infant plaintiffs were passengers in an automobile owned and driven by Robert Hay, in the late evening of August 2, 1946. The car was being driven over a town road. Plaintiffs generally claimed to have been unfamiliar with the road or the surrounding terrain. The highway, as it extended southerly, was a gravel road extending practically straight for a considerable distance on a slight ascending grade until it reached a point where it turned sharply to the west and around a curve which, within a distance of 102 feet, reached a maximum of 91 degrees at the sharpest point. Within this distance of 102 feet, its sharpest declivity was 16%. The car was being driven at from twenty to twenty-five miles per hour as it reached the peak immediately before the curve and declivity started. The driver was unable to make the turn, the car went over the embankment on the east edge of the road, overturned, and threw the occupants along the side of the embankment.

Evidence was introduced of previous actual notice to the town superintendent of at least one car's going over the embankment at approximately the same point, and constructive notice was proven as to one or more additional cars that had left the highway at nearly the same point. Negligence was claimed because of failure of the town superintendent, after notice, to erect guard

posts or barriers for the protection of those using the highway at the point indicated. The highway superintendent did not testify, and it must be assumed from the proof that the jury found need of the erection of a guard or barrier, and the failure of the town to exercise reasonable care in the maintenance of the highway. The jury evidently concluded that the negligence of the town and the driver both concurred in causing the accident.

Counsel for the defendant has raised a question that has apparently heretofore not been presented. Section 215 of the Highway Law, as it existed prior to the amendment added by chapter 677 of the Laws of 1941, contained the following provision (L. 1939, ch. 266, § 2): " Every town shall be liable for all damages to persons or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any town superintendent of such town  *  *  *."

This provision remained in the statute until former section 215 was repealed by chapter 677 of the Laws of 1941. At that time new section 215 was added. The title of the new section reads: " Liability of towns in certain actions." The wording, " Liability of towns ", naturally carries the implication that the Legislature intended that there should be liability in certain cases. Subdivision 1, as contained in the act of 1941, provides: " 1. No civil action shall be maintained against any town for damages or injuries to person or property sustained by reason of any highway, bridge or culvert being defective, out of repair, unsafe, dangerous or obstructed unless written notice  *  *  *." Then follow requirements as to notice. The act of 1941 fails to contain the provision included in former section 215 to effect that " Every town shall be liable for all damages to persons or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any town superintendent ". Counsel urges that as there is no specific statement in the present law, as amended, creating liability, a negative statement does not impose liability.

It may be noted that the title of chapter 677, aforesaid, reads: " An Act to amend the highway law, in relation to liability of towns in certain actions ".

The defect, if any, contained in chapter 677 of the Laws of 1941, is partially clarified by chapter 300 of the Laws of 1942 entitled: " An Act to amend the highway law, in relation to liability of town superintendents of highways in certain actions ". It will be noted that the wording, " in relation to liability of town superintendents ", is inserted in the law of 1942, whereas, the law of 1941 simply reads: " in relation to liability of towns ". When we come to the text we find that

in the later amendment (1942), the statute reads: " § 215. Liability of towns and town superintendents of highways in certain actions." Subdivision 1 reads: " No civil action shall be maintained against any town or town superintendent of highways " unless written notice is actually given. With one or two other exceptions, wording of the 1942 statute substantially conforms with that of 1941.

The next legislative enactment properly applicable to the present situation is chapter 694 of the Laws of 1945, which is an act to amend the General Municipal Law, County Law, Town Law, Village Law, etc., in relation to notice of claim. Section 50-e, entitled " Notice of claim ", provides that in any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action against a public corporation, the notice shall comply with the provisions of the section and be given within sixty days after the claim arises.

It is interesting to note that chapter 694 of the Laws of 1945, after providing for the manner of service of notice of claim upon a municipal corporation, specifically provides that the county shall be liable for injuries caused by defective highways and bridges, but makes no reference to liability of towns in relation to maintenance of highways.

The answer to the inquiry we are presently concerned with is found in section 8 of the Court of Claims Act (L. 1939, ch. 860) which provides: " § 8. *Waiver of immunity from liability.* The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations * * * ."

As a town is a civil subdivision of the State, the waiver of immunity applies to such subdivision, subject to the requirements as to service of notice of claim contained in section 50-e. In *Bernardine* v. *City of New York* (294 N. Y. 361, 365) it is said: " None of the civil divisions of the State — the counties, cities, towns and villages — has any independent sovereignty (see N. Y. Const., art. IX, § 9; *City of Chicago* v. *Sturges,* 222 U. S. 313, 323; *Keifer & Keifer* v. *R. F. C.,* 306 U. S. 381. Cf. *Gaglio* v. *City of New York,* 143 F. 2d 904).''

Assuming for the moment, but not conceding, that section 8 (Court of Claims Act) does not apply, still, we believe the statutory construction law cures any defect imposing liability on the town.

Although the courts have no authority to supply omissions from statutes (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 144), still, " if the legislative intent is plain, and the mistake is clearly due to inadvertence or clerical error, the courts will adopt a construction which will remedy the defect in the legislation." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 362, p. 386. See *Blaschko* v. *Wurster*, 156 N. Y. 437.) " The Legislature does not contemplate the leaving of a party without a remedy, and a construction of a statute which would have such an effect is to be avoided." " Statutes are to be interpreted workably. Hence, as between two constructions of an act, one of which renders it practically nugatory and the other enables the evident purposes of the Legislature to be effectuated, the latter is preferred." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 144, pp. 218, 217.)

It seems only logical that all the provisions above referred to be read and considered together in determining whether a town is still liable for acts of its superintendent of highways in maintenance of roads, highways and bridges.

Section 32 of the Town Law, relating to powers and duties of a town superintendent, provides: " 1. The town superintendent of highways shall have such powers and shall perform such duties as are or hereafter may be conferred or imposed upon him by law * * *."

In section 140 of the Highway Law, under " General powers and duties of town superintendent ", we find:

" 1. Have the care and superintendence of the town highways and bridges * * *.

" 2. Cause such highways and bridges * * * to be kept in repair * * * and inspect the highways and bridges within the town, during the months of April and October of each year, or at such other time as the county superintendent may prescribe ".

Accordingly, this court must hold that a town is still liable for damages to persons or property sustained by reason of any defect in its highways, existing because of the neglect of any town superintendent. Although specifically omitted from the language in the acts of 1941 and 1942, as above referred to, still the liability exists, else the remedy to enforce the liability would not still be provided for.

Defendant's motion for a new trial in each of the above enumerated cases is denied.

Order accordingly.