THADDEUS SOFKA, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31149.)

Court of Claims, September 2, 1952.

*William J. Ciolko* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Lawrence H. Wagner* of counsel), for defendant.

RYAN, J. Claimant, Thaddeus Sofka, having previously taken a written examination conducted by the municipal civil service commission of the city of Poughkeepsie for the position of patrolman with the city police department, was notified by the commis-

sion to take an agility test. In response to that notice claimant appeared at the Poughkeepsie High School gymnasium at about 8:15 P.M. on January 19, 1950. The test was conducted by one Kalloch, director of athletics for the Poughkeepsie public schools who was employed by the municipal civil service commission for that purpose. In taking the agility test claimant sustained personal injuries, some of which are permanent, and he complains that these were due to the improper manner in which the test was conducted and to the fact that the test was held on a course unsuited to the purpose, the gymnasium floor being slippery and unsafe and the brick walls thereof being insufficiently protected by padding. All of this he alleges was negligence. Moreover, he asserts that it was the negligence of the agents, officers and employees of the State of New York, entitling him to recover, in this court, against the State.

Before considering the controverted issues of fact on the subjects of negligence and freedom from contributory negligence, we must first determine whether or not the municipal civil service commission and its employees are agents, officers and employees of the State of New York. Claimant relies on section 2 of the Public Officers Law and such cases as *Lorillard* v. *Town of Monroe* (11 N. Y. 392 [1854]), *Maximilian* v. *Mayor of City of N. Y.* (62 N. Y. 160 [1875]), *Rhall* v. *Board of Educ. of City of N. Y.* (40 App. Div. 412 [1899]), and *Slavin* v. *McGuire* (205 N. Y. 84 [1912]) to support his contention that under section 11 of the Civil Service Law the State exercises such control over municipal civil service commissions as to make their employees the agents and employees of the State itself for whose tortious acts it has waived immunity from liability under section 8 of the Court of Claims Act.

This writer has little doubt that when the Legislature in 1929 adopted chapter 467 by which section 12-a was added to the then existing Court of Claims Act it intended only to create a general enabling act giving this court standing jurisdiction in tort cases whereas theretofore such jurisdiction had been granted only through special enabling acts applicable to a given situation. This writer took part in the decision in the case of *Paige* v. *State of New York* (Claim No. 23310 [1934], mod. 245 App. Div. 126, affd. 269 N. Y. 352). Upon the facts in that case liability could as well have been found against the State and an award in favor of Blanche Paige as well sustained if they had been presented under a special enabling act which authorized jurisdiction to hear and determine her case alone. Immediately upon the decision in that case, however, as the

writer recalls, apprehension was expressed that the State would now be subject to suit in the Court of Claims, in all manner of instances wherein it might be found that a town, county or municipal employee had failed in some degree of reasonable care in exercising his duties of office. However, the case turned on the proposition that the State had *employed* the institution to which its ward had been committed and in which, due to the institution's negligence, she was injured. In his strong dissent Judge LEHMAN said (p. 358): " it can hardly be supposed that in enacting section 12-a of the Court of Claims Act the State intended to assume liability for the negligent acts of governmental agencies which are themselves immune " and " Certainly corporations, whether municipal or private, which exercise delegated governmental functions are neither officers nor employees of the State."

The affirmance of the *Paige* decision (*supra*) initiated a more than liberal construction of the waiver of immunity act. Five years later the dissenter in the *Paige* case, now become Chief Judge, recalled his language hereinabove quoted, and added (286 N. Y. 349, 353): " Immunity of the State and immunity of the agent of the State from liability for wrongful acts committed by an employee of the agent, are so closely related that it would be difficult to find in logic, or in assumed principles of justice or equity, justification for the destruction of the immunity of the State while the immunity of the agent remains intact " and reached the conclusion that " An agent of the State is not immune from liability for the acts of its employees where the State is not immune."

In this finding he was joined by a unanimous court. (*Bloom* v. *Jewish Board of Guardians,* 286 N. Y. 349 [1941].) This decision quickly became the basis of a holding that the waiver expressed in section 12-a was not limited to suits in the Court of Claims. (*Holmes* v. *County of Erie,* 178 Misc. 46 [1942], affd. 266 App. Div. 220, motion for leave to appeal granted 266 App. Div. 909, affd. 291 N. Y. 798.) In the meantime the Legislature, in a general revision of the Court of Claims Act, had incorporated the principle of section 12-a, in broader and somewhat different language, in section 8 of the new act. (L. 1939, ch. 860.) The principle of governmental immunity in tort for the State or its political subdivisions has now been thoroughly demolished. (*Miller* v. *City of New York,* 266 App. Div. 565 [1943], affd. 292 N. Y. 571; *Bernardine* v. *City of New York,* 182 Misc. 609 [1943], revd. 268 App. Div. 444, affd. 294 N. Y. 361; *McCrink* v. *City of New York,* 296 N. Y. 99 [1947];

*McCarthy* v. *City of Saratoga Springs,* 269 App. Div. 469 [1945], motion for leave to appeal denied 269 App. Div. 912; *Young* v. *Village of Potsdam,* 269 App. Div. 918 [1945], motion for leave to appeal denied 269 App. Div. 1005; *Hay* v. *Town of Onondaga,* 194 Misc. 773 [1949].)

Hereinabove we spoke of the apprehension in certain quarters which followed upon our decision in the *Paige* case (*supra*). However, any fears that the State would be held liable in damages for the negligent act of an employee of one of its political subdivisions should have been quickly allayed by our decision in *Brokaw* v. *State of New York* (161 Misc. 901 [1937]). Therein the claimant was denied relief. No appeal was taken. In view of the following statement from the opinion in the *Bernardine* case (*supra*), we doubt that an appeal would have been successful. Judge LOUGHRAN, now Chief Judge, then said (294 N. Y. 361, 366): " * * * it is possible to suggest that the State has now laid itself open to suit for wrongs of officers or employees of its civil divisions. But any viewpoint of that kind would be vain, since the argumentation that had been contrived as a front for the doctrine of governmental immunity did not survive the renouncement of that doctrine."

Upon these considerations we find it necessary to grant the Attorney-General's motion to dismiss the claim. It does not state a cause of action against the State of New York. We have no jurisdiction to determine the liability of the City of Poughkeepsie. An order may be entered. As we do not reach the consideration of the issues of negligence, we do not mark the requests to find which have been submitted.