Richard J. Cardamons, J.
The plaintiff is the owner of an Allis-Chalmers Crawler tractor. On April 11, 1965 (Easter Sunday), Robert Blair, the Town Superintendent of Highways of the Town of Osceola, Lewis County, New York, attempted to extricate a passenger vehicle stuck in the mud and snow in the Town of Osceola. While attempting this, the town truck which Blair was operating also became mired down. The plaintiff, who had been logging the day before on premises adjacent to this town road had left his tractor near the road, after first removing the battery and draining the radiator so that the tractor would not freeze. According to the testimony, Blair operated the plaintiff’s tractor while extricating the town truck and the passenger vehicle. In so doing, however, the tractor, which had no water in it, was damaged. This action was thereafter instituted by the plaintiff against Robert Blair and the Town of Osceola. Blair has defaulted in appearing.
Highway officers are personally liable for injuries to property or persons where they are negligent in connection with the repair or construction of highways. They are not personally liable, however, for acts done without negligence so long as they act within the scope of their authority and within the discretion which the law gives them in performing their duties. Where the Town Superintendent acts honestly and without negligence, he is not personally responsible (Bowman v. Town of Chenango, 227 N. Y. 459 [1920]). This immunity obtains only so long as the Superintendent acts within the scope of his authority, and he is liable where he exceeds his discretionary powers or commits a trespass (Beardslee v. Dolge, 143 N. Y. 160 [1894]). The authority and discretion vested in the Town Superintendent of Highways must be exercised according to the interests of the town and not arbitrarily, wastefully or negligently (Gardner v. Town of Cameron, 155 App. Div. 750 [4th Dept., 1913], affd. 215 N. Y. 682 [1915]). The Town Superintendent here was unquestionably negligent in his use of the plaintiff’s tractor. No doubt exists as to his own personal liability to the plaintiff for his negligent act (Flansburg v. Town of Elbridge, 205 N. Y. 423 [1912]; Campbell v. Powers, 155 App. Div. 862 [3d Dept., 1913]).
The question to be resolved is whether the Town of Osceola is also liable for the Highway Superintendent’s actions. Under prior law, towns were not liable, in the absence of a statute, for damages caused by defective highways but the Commissioner, as an independent, public official, was solely responsible. The *165 Highway Superintendent was not held to be the agent of the town, so as to make the town liable for his negligent acts, but an independent, public officer (Lynch v. Town of Rhinebeck, 210 N. Y. 101 [1913]; People ex rel. Morey v. Town Bd. of Audit of Town of Oyster Bay, 175 N. Y. 394, 397 [1903]; Short v. Town of Orange, 175 App. Div. 260 [3d Dept., 1916]; Kittle v. Town of Kinderhook, 214 App. Div. 345 [3d Dept., 1925]). The Town Superintendent of Highways acts in his official capacity, independent of control and direction on the part of the town, and owes it no duty or obligation except to dispense moneys which are supplied by the town (Matter of Clarke v. Town of Russia, 257 App. Div. 703 [3d Dept., 1939], revd. on other grounds 283 N. Y. 272 [1940]; Lynch v. Town of Rhinebeck, supra, p. 106).
By legislative enactment (Town Law, § 65-a and Highway Law, § 215), however, liability for damages caused by defective highways is imposed upon the towns, providing the statutory requisites are met (Hay v. Town of Onondaga, 194 Misc. 773 [Sup. Ct., Onondaga County, 1949]). The waiver of immunity of the State (Court of Claims Act, § 8) waives similarly the immunity of the State’s political subdivisions for the torts of its officers or employees while they are acting as such (Bernardine v. City of New York, 294 N. Y. 361 [1945]). The Town Superintendent of Highways is a town officer (Public Officers Law, § 2). (Opn. Atty. Gen., March 7, 1966.) The evidence here clearly indicates that the defendant Blair’s activities in clearing the roadway of a stalled passenger vehicle, even though negligently performed, were part of his duties as Highway Superintendent of the Town of Osceola. Impairment to a public highway may be no less by an “ obstruction ”, such as a road scraper, than by physical disturbance to the bed of the road (Whitney v. Town of Ticonderoga, 127 N. Y. 40, 44 [1891]). As was stated in Flansburg v. Town of Elbridge (supra, p. 428): “ The commissioners were under the statutory duty to care for and cause to be kept in repair the highways and bridges of the town (Laws of 1890, chap. 568, section 4), and the common law of this state gives a right of action against commissioners of highways, who act contrary to or omit to act in accordance with their duty to a person injured thereby, and this right of action it is which the statute made maintainable against the town.” As the Court of Appeals stated in Bowman v. Town of Chenango (supra, p. 464): “ But, as we have said, the entire right of action against the commissioner for his misconduct or neglect is now maintainable against the town ”.
*166 The Town of Osceola has a cause of action against Robert Blair for the amount of the judgment (Highway Law, § 217).
The evidence on the issue of damages reveals that the plaintiff was engaged in a logging operation and was generally able to cut between four or five thousand feet a day for which he was paid at the rate of $21 per thousand, or approximately $94 a day. His expenses consisted of a helper who worked seven to nine hours at $1.50 an hour, or approximately $12 a day; $2 for tractor fuel and $1 for the chain-saw, for a total expenses of $15 per day, leaving a net of $79 per day for two weeks (6 days each), or twelve days, equalling.............. $948.00
Expenses of repairs and parts
Atlantic Tug & Equip, (parts) (Exh. Nos. 1 and 2)..............................$135.12
Bick & Keintz (parts) (Exh. No. 3)........ 10.00
Wendell Still — labor (Exh. No. 4).......... 140.00
285.12
Plaintiff’s own labor in repairing — twenty hours at $5 an hour...................... 100.00
Total Damages..............................$1,333.12
In connection with the reservation of its decision on motions by defendant town as to the admissibility of evidence, the objections are overruled and the testimony is received. The defendant town’s motions which were made at the close of the plaintiff’s ease and at the end of the trial are respectively denied.