In the Matter of the Claims of EVELETH E. COOL et al., Respondents. PHILIP ROSS, as Industrial Commissioner, Appellant.

Third Department, June 9, 1977

*Louis J. Lefkowitz, Attorney-General (Irving Jorisch, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for appellant.

*Philip D. O'Donnell* for Eveleth E. Cool, respondent.

*John Filipone* for Floyd Slauson, Sr., respondent.

MAHONEY, J. Both claimants were town superintendents of highways who failed to win re-election and applied for benefits under the Special Unemployment Assistance Program. The board found claimants to be employees and therefore, eligible. These appeals ensued.

Most of the cases dealing with the issue of whether a claimant is an employee under article 18 of the Labor Law are concerned with whether the relationship is one of employee or independent contractor. The instant claimants do not neatly fit into either category. Our concern, however, is whether an elected town superintendent of highways is an "employee" within the meaning of the Federal Special Unemployment Assistance Program.

In order to be entitled to benefits under this program the employment must be performed by an employee as defined in subdivision (d) of section 3121 of the Internal Revenue Code of 1954 (US Code, tit 26, § 3304, Special Unemployment Assistance Program, § 210, subd [c], par [1]). An employee is therein defined as "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee" (US Code, tit 26,

§ 3121, subd [d], par [2]). Appellant herein disputes the board's determination that claimants were employees as so defined. The existence of an employer-employee relationship is dependent upon the amount of control involved in respect to the manner in which the work is to be done *(Matter of Morton [Miller],* 284 NY 167). An employee is instructed as to the way he does his work as opposed to an independent contractor who uses his own discretion *(Matter of Susan Messer Assoc. [Catherwood],* 33 AD2d 952). While an examination of article VII of the Highway Law reveals that a town superintendent is subject to the rules and regulations of the Department of Transportation in the performance of his duties (Highway Law, § 140) to the extent that his right to hire is subject to the approval of the town board (Highway Law, § 140, subd 4) as are his purchases of equipment (Highway Law, § 142), such control is more reasonably equated to that type of proscription which the law imposes on all individuals in the conduct of their work than it is to the type of direct control an employer exercises over the manner in which his employee carries out his duties. Herein, claimants are elected officials for a stated term with statutory powers (Highway Law, art VII) which may not be abrogated or diminished. They are public officials charged with statutory duties involving the exercise of judgment and discretion which cannot be delegated. While acting officially pursuant to powers statutorily conferred, they proceed independently of any control or direction of the town except in those limited areas noted above (see *Matter of Clarke v Town of Russia,* 257 App Div 703, revd on other grounds 283 NY 272). As elected officials, they must carry out the duties which the statute mandates and are not free to take instruction from the town board as to how they shall perform those duties. They are not employees within the meaning of subdivision (d) of section 3121 of the Internal Revenue Code of 1954 (US Code, tit 26, § 3304, Special Unemployment Assistance Program, § 210, subd [c], par [1]).

The decisions should be reversed, with costs.

SWEENEY, J. (dissenting). I am unable to agree with the majority that this case must be reversed and, therefore, vote to affirm. Our concern is not whether claimants are employees in the general or usual meaning of the word, but whether they are employees for the purposes of the Special Unemployment Assistance Program. Pursuant to article VII of the Highway Law, a town superintendent of highways is suffi-

ciently controlled in respect to the manner in which he performs his duties to be properly considered an employee within the meaning of the act in question, as found by the board. Since this determination is not irrational or unreasonable it should not be disturbed *(Matter of Howard v Wyman,* 28 NY2d 434).

The decisions of the board should be affirmed.

GREENBLOTT, J. P., KANE and MAIN, JJ., concur with MAHONEY, J.; SWEENEY, J., dissents and votes to affirm in an opinion.

Decisions reversed, with costs.