BERTHA GOLDSTEIN and CHARLES GOLDSTEIN, Respondents, v. THE PROGRESSIVE FISH COMPANY, INC., Appellant, and Others, Defendants. (Appeal No. 2.) — Resettled order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the ground that the record establishes that the appellant was not served with the summons. The record conclusively shows that Tow was not an officer of the appellant. Appeal from order of February 24, 1933, dismissed, without costs, as the appeal is rendered unnecessary by the foregoing decision. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

HARRY C. HALLENBECK and ELIZABETH C. HALLENBECK, His Wife, Plaintiffs, v. ANNETTE M. HALLENBECK and Others, Defendants, Impleaded with ISADORA E. MANGLES, Appellant, and CHAMBERLAIN OF THE CITY OF NEW YORK, Respondent.*— Order in so far as an appeal has been taken therefrom affirmed, without costs. Without passing on the question of the degree of liability imposed on the city by chapter 186 of the Laws of 1908, we are of opinion that the statute is not retroactive in its effect. (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240.) The loss in the funds in the hands of the county treasurer of Kings county occurred before the statute above referred to was enacted. Where a retrospective effect is given to a statute such purpose is ordinarily indicated in the language of the statute itself. (*Jackson* v. *State of New York*, 261 N. Y. 134; *Matter of Evans* v. *Berry*, 262 id. 61.) Such liability as exists in instances of loss of funds in the hands of the court rests upon the city or county and not upon the officer who has custody of the funds. (County Law, § 249; Laws of 1927, chap. 185.) Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Scudder, J., not voting.