HELEN BANKS, an Infant over the Age of Fourteen Years, by ELIZABETH M. BANKS, Her Guardian ad Litem, and WILLIAM BANKS, Plaintiffs, v. A. JACOBY & SONS, INC., and Others, Defendants. HELEN BANKS, Appellant, v. A. A. BERLE, JR., as Chamberlain of the City of New York, Respondent.— Order reversed on the law and the facts, without costs, except in the respect that it directs payment of $385 with interest, less the fees and commissions of the chamberlain, and the matter remitted to the Special Term to take proof on the question of the acts of the then chamberlain of the city of New York, and to determine claimed liability as to negligence and improvidence in making the investment of the infant's funds; or the petitioner is granted leave, if she so elects and is so advised, to discontinue this proceeding and bring an action under the provisions of chapter 186 of the Laws of 1908, as amended by chapter 185 of the Laws of 1927. The petitioner here, then an infant, had a judgment in the Supreme Court in 1931 of $16,778. This sum was deposited with the chamberlain of the city of New York on July 16, 1931, pursuant to an order of the court which directed the chamberlain " to invest the sum of $16,500 out of said sum in guaranteed first mortgage certificates paying not less than 5% per annum." On July 18, 1931, the then chamberlain invested this sum in a guaranteed mortgage certificate issued by State Title and Mortgage Company, secured by a mortgage covering premises known as the Alden Theatre, situated at One Hundred and Sixty-fifth street and Jamaica avenue, Queens. Evidently this certificate is now of little value; and the petitioner, now become of age, demands payment of the entire amount in cash. Formerly the courts could furnish no remedy (*Chesterman* v. *Eyland*, 81 N. Y. 398, 405); but not so since the enactment of chapter 186 of the Laws of 1908, as amended by chapter 185 of the Laws of 1927. (See, also, County Law, § 249; State Finance Law, § 44-c.) It is evident that the purposes of these statutes are to hold officials and the municipality to strict responsibility for funds, intrusted to their custody, of infants and other wards of the court. At least, the infant is entitled to the exercise of prudence and care on the part of the official to whom has been delegated the authority to make the investment. The liability is that of the city, not of the official, unless he has been guilty of gross negligence or malfeasance. (*Hallenbeck* v. *Hallenbeck*, 240 App. Div. 780; affd., 264 N. Y. 445.) The record is not sufficient to enable us to say whether there have been acts of negligence or imprudence in making the investment. There should be a hearing at Special Term, or the plaintiff may elect to proceed by action. Young, Hagarty, Carswell, Davis and Johnston, JJ., concur.