ARTHUR P. JACKSON, Appellant, *v.* STATE OF NEW YORK, Respondent.

(Argued January 24, 1933; decided February 28, 1933.)

*Charles L. Earl* for appellant. The State, pursuant to law, took over the bridge and was liable for its maintenance on the day it collapsed. (*Lendrum* v. *Village of Cobleskill,* 192 App. Div. 828; Highway Law, § 19-a; *Burrill* v. *Town of Russia,* 230 App. Div. 774.) The State was negligent and is liable for damages accordingly. (Highway Law, §§ 19-a, 74, 176; *James* v. *D., L. & W. Ry. Co.,* 233 App. Div. 617.)

*John J. Bennett, Jr., Attorney-General* (*Harold P. Burke* of counsel), for respondent. The State is not liable for

damages resulting from its failure to properly maintain, supervise, control and guard the bridge, even conceding that it had legally assumed the control, supervision and maintenance of said bridge. (*Miller* v. *State*, 231 App. Div. 367; Court of Claims Act, § 12-a; Highway Law, § 176; *Paddleford* v. *State*, 192 App. Div. 870; *Deyoe* v. *State*, 112 Misc. Rep. 426; *Belair* v. *State*, 212 App. Div. 209.) There was no negligence on the part of the State. (*Mills* v. *City of Brooklyn*, 32 N. Y. 489; *Hines* v. *City of Lockport*, 50 N. Y. 238; *Urquhart* v. *City of Ogdensburg*, 91 N. Y. 67; *Monk* v. *Town of New Utrecht*, 104 N. Y. 552.)

O'BRIEN, J. West Canada creek forms part of the boundary between Oneida and Herkimer counties and its waters are spanned by the Comstock bridge which divides sections of a State highway traversing territory in these counties. Pursuant to section 19-a of the Highway Law (Cons. Laws, ch. 25) the State Superintendent of Public Works condemned the bridge as unsafe for travel by vehicles weighing more than four and a half tons and propelled at a rate of speed in excess of ten miles per hour. Notice to that effect was posted by his order and under the statute the State thus assumed the obligation to supervise the maintenance of the bridge. During the time that the State was responsible for this maintenance and while claimant was driving a car which with its occupants weighed less than four and a half tons and which was proceeding at a rate of speed less than ten miles per hour, the bridge collapsed and plaintiff and the other passengers were injured. The Court of Claims and the Appellate Division have unanimously found on sufficient evidence that claimant's injuries were caused without negligence by him and by the sole negligence of employees of the State.

After the bridge was condemned and the notice was posted, no obligation to supervise its maintenance rested upon either county or upon either of the adjoining towns.

(*Burrill* v. *Town of Russia*, 230 App. Div. 774; affd., 261 N. Y. 571.) By section 19-a of the Highway Law that duty devolved upon the State, but neither that section nor section 176 of the Highway Law confers upon the injured person any right to enforce his claim. Not until the bridge should be repaired would it become, by virtue of section 19-a, subdivision 6, a part of the highway for defects in which the State by section 176 assumes liability.

The question remains whether the Legislature intended by section 12-a of the Court of Claims Act, as added by chapter 467 of the Laws of 1929, to include this claim and others of a similar nature. It reads: " The state hereby waives its immunity from liability for the torts of its officers and employees and consents to have its liability for such torts determined in accordance with the same rules of law as apply to an action in the supreme court against an individual or a corporation, and the state hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the state to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the state while acting as such officer or employee. * * * " The State thus provides for four things which shall result from the infliction of personal injuries due to the negligence of its officers and employees while acting as such officers or employees. It waives immunity from liability, it consents to have its liability determined in accordance with the rules of law applicable to individuals, it assumes liability and it confers jurisdiction upon the Court of Claims to hear and determine such claims of liability. The provisions of section 12 of the Court of Claims Act (Laws of 1920, ch. 922, formerly Code Civ. Pro. § 264) must, in view of the decisions, be deemed too narrow to cover claims of this

character, but by section 12-a (as added by Laws of 1929, ch. 467) those provisions must be regarded as extended, supplemented and enlarged. The deficiencies pointed out in *Smith* v. *State* (227 N. Y. 405) have been supplied. Section 12-a goes beyond the point of a mere waiver of immunity from suit. It waives immunity not only from suit but also from liability. It is the positive and specific enactment, clearly expressed, which was suggested by *Smith* v. *State* (*supra*). By section 12 the defense of sovereignty in an action was removed. Suit was allowed but liability was held not to have been waived. By section 12-a liability when proved by the rules of law applicable to individuals, has been affirmatively assumed and jurisdiction to determine whether such a liability has been proved is conferred upon the Court of Claims. In the assumption of liability and the creation of a remedy to enforce a liability, heretofore absent by reason of the sovereignty of the tort feasor, the sovereign has not generously dispensed charity. Section 12-a constitutes a recognition and acknowledgment of a moral duty demanded by the principles of equity and justice. It includes only claims which appear to the judicial mind and conscience to be such as the Legislature may declare to be affected by a moral obligation and which the State should satisfy. (*Farrington* v. *State*, 248 N. Y. 112, 115.) It declares that no longer will the State use the mantle of sovereignty to protect itself from such consequences as follow negligent acts of individuals. It admits that in such negligence cases the sovereign ought to and promises that in future it will voluntarily discharge its moral obligations in the same manner as the citizen is forced to perform a duty which courts and Legislatures have so long held, as to him, to be a legal liability. It transforms an unenforceable moral obligation into an actionable legal right and applies to the State the rule *respondeat superior*.

The grant of a remedy where none was available is equivalent to the creation of a cause of action, but this court has never held, at least in respect to actions against the State, that, merely because the statute establishing it is retroactive, it is unconstitutional. (*Jacobus* v. *Colgate*, 217 N. Y. 235, 242.) On the contrary, we have recently decided that as to such a retroactive statute the State cannot be heard to complain on constitutional grounds. (*Sweeney* v. *State*, 251 N. Y. 417.) Numerous cases appear in the books interpreting statutes which confer upon individuals legal rights and their accompanying remedies based upon moral obligations of the State or its subdivisions and which have been enacted after the event. Nevertheless their validity has not been successfully assailed on that ground. (*Cole* v. *State*, 102 N. Y. 48; *O'Hara* v. *State*, 112 N. Y. 146; *Wrought Iron Bridge Co.* v. *Town of Attica*, 119 N. Y. 204; *People ex rel. Dady* v. *Prendergast*, 203 N. Y. 1; *Monro* v. *State*, 223 N. Y. 208; *Farrington* v. *State*, *supra*.)

This case must be decided in accordance with our interpretation whether section 12-a on its face evinces a retrospective purpose. The question before us relates to intent rather than power. The injury upon which this claim is founded occurred July 7, 1928, and this claim was filed December 19, 1928. Section 12-a did not become a law until April 10, 1929, to take effect September 1, 1929. The hearing was begun September 15, 1930, and was concluded by the Court of Claims September 18, 1930. The decision was rendered May 27, 1931. The purpose of this statute, as we read it, is to declare that in the conduct of trials held subsequent to September 1, 1929, the State assumes liability, if the evidence warrants a finding of negligence by its officers or employees, and that subsequent to September 1, 1929, the Court of Claims shall possess jurisdiction to determine the facts and the law in accordance with the same rules

as apply to actions in the Supreme Court against individuals. The act deals with claims which are based upon events occurring not only subsequent but also prior to its passage, and its language requires that, in relation to the date of the negligent act and of the filing of the claim, it be interpreted as retrospective.

The judgment of the Appellate Division should be reversed and that of the Court of Claims affirmed, with costs in this court and in the Appellate Division. (See 261 N. Y. 637.)

POUND, Ch. J., CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur; CROUCH, J., not sitting.

Judgment accordingly.