AMERICAN ENGINEERING COMPANY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 23359.)

Court of Claims, August 14, 1934.

*Broadwin & Mannheimer*, for the claimant.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden* of counsel], for the State.

BARRETT, P. J. On March 12, 1931, the State and the Heat Control Service Company entered into a contract for the installation of a heating plant in the Central Islip State Hospital and included therein was the agreement to furnish six stokers and equipment.

On or about April 14, 1931, the Heat Control Service Company entered into a conditional sales agreement with claimant for the stokers and equipment, by the terms of which agreement the sum of $37,000 was to be paid for such articles, the title to the same remaining in the vendor until full payment was made. This sales agreement was filed in the office of the clerk of Suffolk county and thereafter the stokers and equipment were delivered and installed, and a certificate thereto of the chief engineer of the hospital was delivered on January 21, 1932. Prior to June 3, 1932, the Heat Control Service Company became insolvent and abandoned its contract, which was canceled by the State on July 18, 1932. The State was notified by claimant of its recorded conditional sales agreement and the balance of the unpaid purchase price, amounting to $10,888. Other correspondence and conferences followed culminating in the conclusion, agreed to by all parties, that a demand should be made by claimant for the return of its stokers and equipment and that thereafter claimant should present its claim against the State based upon the refusal of the demand. The stokers and equipment are in the hospital and have been in use since their installation in January, 1932.

Claimant is proceeding here upon two theories — that of conversion and implied contract. By section 12-a of the Court of Claims Act the State has waived its immunity from liability for the torts of its officers and employees and has assumed liability for such acts. Jurisdiction is conferred by this section on this court to hear and determine claims against the State for damages for injuries to property or personal injury " caused by misfeasance or negligence " of such officers or employees. The State has been and is using this equipment, the property of claimant, for which full payment has not been made, and such possession and use has continued notwithstanding the recording of the sales agreement and express knowledge thereof upon the part of the State. This clearly was a conversion of claimant's property for which I think the State is liable in damages. Obviously it was necessary to heat the institution and, with knowledge of the ownership, State officials

34

had to choose between using stokers already being installed or purchasing others at greatly increased expense. They chose the former course.

Misfeasance has been defined as "Strictly, not doing a lawful act in a proper manner, omitting to do it as it should be done * * * a failure to use, in the performance of a duty owing to an individual, that degree of care, skill, and diligence which the circumstances reasonably demand." (40 C. J. 1222.)

The State used the stokers and equipment. They have not been returned, although demand therefor was made. The State officials while guilty of no improper intent have nevertheless performed their duties in a manner infringing upon claimant's rights, resulting in an injury to claimant's property, and such misconduct constitutes misfeasance under said section 12-a of the Court of Claims Act.

Under that section the State has assumed broad liability for the improper acts of its officers and employees. In *Jackson* v. *State* (261 N. Y. 134, at p. 138) the Court of Appeals said: "Section 12-a goes beyond the point of a mere waiver of immunity from suit. It waives immunity not only from suit, but also from liability. It is the positive and specific enactment, clearly expressed which was suggested by *Smith* v. *State* (227 N. Y. 405). By section 12, the defense of sovereignty in an action was removed. Suit was allowed, but liability was held not to have been waived. By section 12-a, liability, when proved by the rules of law applicable to individuals, has been affirmatively assumed and jurisdiction to determine whether such a liability has been proved is conferred upon the Court of Claims."

The State has rendered itself liable, where a private individual would be responsible. Here it has taken claimant's property in the performance of a highly necessary duty, and should make proper compensation therefor. An award for the amount claimed will, therefore, be made and findings of fact and conclusions of law in accordance herewith may be submitted. In passing I may say that section 65-a of the Personal Property Law does not apply, as it did not become effective until after the conditional sales agreement involved in this claim was filed.

RYAN, J., concurs.