HAROLD BLOOM, an Infant, by LOUIS BLOOM, His Guardian ad Litem, Appellant, Impleaded with Another, *v.* JEWISH BOARD OF GUARDIANS, Respondent.

Argued June 12, 1941; decided July 29, 1941.

*Isidor Enselman* and *Gustave G. Rosenberg* for appellant. As to private institutions, the basis for the rule of immunity has been removed by section 12-a of the Court of Claims Act (L. 1929, ch. 467). (*Corbett* v. *St. Vincent's Industrial School,* 177 N. Y. 16; *Lewis* v. *State,* 96 N. Y. 71; *Sheehan* v. *North County Community Hospital,* 273 N. Y. 163; *Mertz* v. *Mertz,* 271 N. Y. 466; *Volk* v. *City of New York,* 259 App. Div. 247; 284 N. Y. 279; *Murtha* v. *N. Y. Homeopathic Medical College & Flower Hospital,* 228 N. Y. 183; *Paige* v. *State,* 269 N. Y. 352; *Hughes* v. *State,* 252 App. Div. 263; *Van Campen* v. *Olean General Hospital,* 210 App. Div. 204; 239 N. Y. 615; *Providence Eng. Corp.* v. *Downey Shipbuilding Corp.,* 294 Fed. Rep. 641.)

*William E. Lyons* for respondent. Defendant in the performance of a governmental function has an immunity to liability which has not been waived barring the successful maintenance of any action for damages by one committed to its care pursuant to a legal writ of a properly constituted tribunal. (*Corbett* v. *St. Vincent's Industrial School of Utica,* 79 App. Div. 334; 177 N. Y. 16; *Paige* v. *State,* 269 N. Y. 352.)

LEHMAN, Ch. J. The defendant is a corporation created by special act of the Legislature (L. 1921, ch. 330). In accordance with the powers conferred upon it by that statute it maintains a school where delinquent children committed to it by courts of competent jurisdiction are cared for and given vocational instruction. The infant plaintiff was injured while receiving such care and instruction. Claiming that the injuries were caused by negligent directions of the supervisor, placed by the defendant in charge of the boys, the plaintiff brought this action to recover damages for the injuries he sustained. He was successful in the trial court. The judgment in his favor entered upon the verdict of a jury was reversed by the Appellate Division on the law and the complaint was dismissed.

Though the plaintiff's tale was contradicted by witnesses produced by the defendant, the defendant does not now argue that there is no evidence to sustain the finding of the jury that the injuries were caused by the negligence of the supervisor. The Appellate Division refused to interfere with that finding and we cannot now review it. The judgment in plaintiff's favor was reversed solely on the ground that the defendant is immune from liability for injuries to children committed to its care, though such injuries are due to the negligence of a person it has placed in charge of the children.

The decision of the Appellate Division rests upon the authority of *Corbett* v. *St. Vincent's Industrial School* (177 N. Y. 16). In that case, this court held that a private corporation in caring for delinquent children committed to it by the courts is immune from liability for the negligence of those in the employ of the institution. The rule of immunity formulated in that case by this court was not created by statute. It represents the conclusion of the court that because an industrial school, caring for delinquent children committed to it, is exercising " one of the functions of government which the state may exercise and which it may delegate to charitable institutions created

under its laws," it is " entitled to the same immunity from liability " for the negligence of its employees " that is conceded to the state itself and to all its municipal divisions " (p. 21). The immunity of the agent is derived from the immunity of the principal.

Since that was said the State has waived its sovereign immunity from liability for the torts of its officers and employees. (Court of Claims Act, § 12-a, L. 1929, ch. 467; see now, § 8, L. 1939, ch. 860.) No longer is the State immune from liability for torts of its officers, agents and employees. When immunity is no longer " conceded to the state," the premise from which the court drew the conclusion that a private institution, performing a function of the State as its agent, is entitled to the same immunity is destroyed. The question is now presented whether the immunity of the private institution continues after the Legislature has destroyed its rational basis.

Even before that time the court has indicated that the field in which the rule of immunity formulated in *Corbett* v. *St. Vincent's Industrial School* (*supra*) may be applied is narrow. " That case," we have said, " is to be limited to its special facts." (*Murtha* v. *N. Y. H. M. College & Flower Hospital*, 228 N. Y. 183, 186.) Later, in *Paige* v. *State of New York* (269 N. Y. 352), the court decided that the State has, in the Court of Claims Act, assumed liability for injuries suffered by a person confined in a quasi penal institution, to which the State had committed in part its function to care for wayward children, when such injuries are caused by the negligence of those employed by the institution in caring for and instructing the children. The statute " constitutes a recognition and acknowledgment of a moral duty demanded by the principles of equity and justice." (*Jackson* v. *State of New York*, 261 N. Y. 134, 138.) The court construed the statute " in that spirit." The same principles of justice and equity which constrained the State to reject the immunity conceded to it as sovereign, dictates the conclusion that the derivative immunity of the agent does not survive when the immunity of the principal is destroyed.

In my dissenting opinion in *Paige* v. *State of New York* (*supra*, p. 358) I said that " it can hardly be supposed that in enacting section 12-a of the Court of Claims Act the State intended to assume liability for the negligent acts of governmental agencies which are themselves immune." Immunity of the State and immunity of the agent of the State from liability for wrongful acts committed by an employee of the agent, are so closely related that it would be difficult to find in logic, or in assumed principles of justice or equity, justification for the destruction of the immunity of the State while the immunity of the agent remains intact. When the court nevertheless held that the statute was intended to destroy the immunity of the State from liability for the acts of employees of the agent of the State, it, at least, created substantial ground for argument in the future that the immunity of the agent vanished with the assumption of liability by the principal.

That question must now be decided by the court. What we have said in other cases points unmistakably to the answer. An agent of the State is not immune from liability for the acts of its employees where the State is not immune.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.