Sylvester Holmes, Plaintiff, *v.* County of Erie, Defendant.

Supreme Court, Erie County, February 9, 1942.

*Jacob Weissfeld,* for the plaintiff.

*Paul J. Batt, County Attorney,* for the defendant.

MacGregor, J. The plaintiff was a prisoner confined in the Erie County Penitentiary pursuant to an order of commitment of a court. He alleges that during the time of his confinement he was injured through the negligence of employees of the county of Erie under whose direction he was doing certain work.

A motion is made to dismiss the complaint upon the ground that it does not state a cause of action against the county.

It is contended that no action lies against the county based upon negligence of its employees, they at the time being engaged in the discharge of a governmental function.

The question presented involves the oft discussed matter of "governmental immunity." That the county is immune from liability in the present action is well established by authority unless that immunity has been revoked.

Mr. Justice Rumsey in his opinion in the case of *Alamango* v. *Board of Supervisors* (25 Hun, 551) succinctly states the well-settled law:

"It must be conceded that the defendants, in building and managing the Albany penitentiary, were engaged in a public duty which concerned the administration of criminal justice, and that they were not a corporation but were a mere instrumentality selected by the State. (*Lorillard* v. *Town of Monroe,* 11 N. Y. 392; *Brown* v. *People,* 75 id. 441, 442.) The duty of punishing criminals is inherent in the sovereign power. It may be committed to

agencies selected for that purpose, but such agencies, while engaged in that duty, stand so far in the place of the State and exercise its political authority, and do not act in any private capacity. It is so in the laying out and maintaining of highways, the building of court-houses and school-houses as well as in the building of jails and places of detention. In the performance of all such duties it is settled by the unanimous agreement of the courts that these agencies are not liable for neglect or misfeasance unless the liability is especially imposed by statute.

"It is not necessary to discuss the reason of this rule for there is no break in the long line of authorities by which it is established."

In 1929 section 12-a of the Court of Claims Act was enacted. That section provided for waiver of immunity by the State for the torts of "its officers and employees."

Under such statute the case of *Paige* v. *State of New York* (269 N. Y. 352) arose. A minor committed to a charitable reformatory institution was injured through negligence of persons employed in the institution. At page 354 the court says: "The Court of Claims ruled that the negligence of those in charge of the institution was a tort of officers and employees of the State acting as such, and that, in accordance with the foregoing provision of the Court cf Claims Act, the claimant should recover for her injuries." The ruling was concurred in by the Court of Appeals. In a dissenting opinion in this case, in which Judge FINCH concurred, Judge LEHMAN said in construing the statute: "It merely waives the State's immunity from liability for the torts of its 'officers and employees.' These terms have well-established meanings. Certainly corporations, whether municipal or private, which exercise delegated governmental functions are neither officers nor employees of the State. * * * but a decision that the corporation, while exercising a governmental function, acts as agent of the State, and that the State, except for its governmental immunity, is responsible for the torts of the corporation employed by it, may carry such consequences."

In the case of *Bloom* v. *Jewish Board of Guardians* (286 N. Y. 349) the plaintiff was committed by a court to the defendant, an incorporated institution. By statute it was authorized to receive delinquent children for care and instruction. Through the negligence of one of its employees the plaintiff was injured.

Judge LEHMAN writing the opinion for the Court of Appeals says:

"The immunity of the agent is derived from the immunity of the principal. * * * No longer is the State immune from liability for torts of its officers, agents and employees. When

immunity is no longer ' conceded to the State,' the premise from which the court drew the conclusion that a private institution, performing a function of the State as its agent, is entitled to the same immunity is destroyed. The question is now presented whether the immunity of the private institution continues after the Legislature has destroyed its rational basis. * * *

" Immunity of the State and immunity of the agent of the State from liability for wrongful acts committed by an employee of the agent, are so closely related that it would be difficult to find in logic, or in assumed principles of justice or equity, justification for the destruction of the immunity of the State while the immunity of the agent remains intact. When the court nevertheless held that the statute was intended to destroy the immunity of the State from liability for the acts of employees of the agent of the State, it, at least, created substantial ground for argument in the future that the immunity of the agent vanished with the assumption of liability by the principal.

" That question must now be decided by the court. What we have said in other cases points unmistakably to the answer. An agent of the State is not immune from liability for the acts of its employees where the State is not immune."

In 1939 the Legislature radically changed the Court of Claims Act. Section 12-a was repealed. In section 8 of the revised act it is provided: " The State hereby waives its immunity from liability and action * * *." The words " officers and employees " do not appear. This revision, however, is not an element in the determination of the question here involved. It only indicates that the State might now be held liable as well as the agent of the State.

It having been determined that the county is the agent of the State in criminal administration; that the immunity of the county rests upon the immunity of the State and that the State has waived immunity, the county as agent is no longer immune. Therefore, the county is subject to action and liability.

The motion to dismiss the complaint is denied.