SYLVESTER HOLMES, Respondent, *v.* COUNTY OF ERIE, Appellant.

Fourth Department, May 12, 1943.

*Elmer R. Weil* and *Paul J. Batt* for appellant.

*Ralph F. Howe* and *Jacob Weissfeld* for respondent.

McCURN, J. The plaintiff, a sentenced prisoner confined in the Erie County Penitentiary, alleges in his complaint that during his confinement and while working in the penitentiary workshop he was injured through the negligence of the county. The defendant county made a motion to dismiss the complaint upon the ground that it fails to state a cause of action. How-

ever, the only argument urged by the defendant in support of the motion or upon this appeal is that the county is immune from suit because it was engaged in the performance of a governmental function. The appeal here is from the order denying the motion.

The operation of a penitentiary is an exercise of a governmental function for which the State once was immune from liability for injury to an inmate. (*Lewis* v. *State,* 96 N. Y. 71.) Where such a penitentiary was operated under the control and supervision of a county the immunity of the State likewise was extended so as to protect the county in the exercise of this delegated governmental function. The immunity of a county from liability for acts performed in a governmental capacity is not an immunity inherent in the county itself but is derived from the historical immunity of the sovereign State. A county, in performing a governmental function delegated to it by the State, is in no sense a separate government exercising a sovereignty independent of the State. It is a civil division of the State to which has been delegated the power to exercise certain of the functions of the State itself in the interest of all the people of the State. (*Markey* v. *County of Queens,* 154 N. Y. 675.)

The cases upholding the immunity of a county proceed upon the theory that when a county undertakes to perform a governmental function belonging to the State, it acquires from the State the same immunity which the State would possess if the State itself were to perform the delegated function. The source of the immunity is in the sovereign power of the State and it is a survival of the maxim '' The King can do no wrong.'' (*Augustine* v. *Town of Brant,* 249 N. Y. 198; *Matter of Evans* v. *Berry,* 262 N. Y. 61.) In these two cases also there was indicated a recognition of a tendency towards greater governmental responsibility for torts.

Undoubtedly influenced by the recognized movement towards greater governmental responsibility the Legislature in 1929, added to the former Court of Claims Act, section 12-a (L. 1929, ch. 467) whereby the State waived immunity for the torts of its officers and employees and in 1939 enacted section 8, Court of Claims Act (L. 1939, ch. 860), whereby the State broadly waived immunity and assumed liability to the same extent as an individual. In 1941, the Court of Appeals had before it *Bloom* v. *Jewish Board of Guardians* (286 N. Y. 349), an action brought by an inmate of a school for delinquent children, to recover damages for injuries occasioned by the

alleged negligence of the employees of the school. There the defendant was exercising a function of the government delegated to it by the State and under previous decisions was entitled to the same immunity which the State itself had enjoyed. (*Corbett* v. *St. Vincent's Industrial School,* 177 N. Y. 16.) It was held that since the State had already waived its immunity and consented to be sued, the defendant was in no better position than the State. Its immunity was said to be a derivative immunity flowing from the State. The State having waived its immunity, there was no source of immunity to protect the defendant.

In the present case we have the county, a civil division of the State, performing a governmental function. However, the immunity of the private institution performing services relating to penal correction and that of the county in performing similar services at the county penitentiary are both based entirely upon the fact that each is performing a governmental function delegated to it by the State, the delegation carrying along with it, as an adjunct thereto, the protective immunity of the sovereign State. For each the source of the immunity is the same, the purpose the same, and the function to be protected the same. Each is engaged in carrying out the State's function. The distinction between the two situations is not sufficiently fundamental to allow us to say that the reasoning applied in the *Bloom* case to the Jewish Board of Guardians does not apply with at least equal force and persuasion to Erie County in the operation of the penitentiary. If the immunity of the State is destroyed, as stated in *Bloom* v. *Jewish Board of Guardians (supra)*, there is no basis for holding that the county, as a civil division of the State, is still immune. The sovereign State itself not being immune, there is no immunity to a civil division of the State. When the State waived immunity and assumed liability, the immunity of its civil division, the county, vanished also.

Since the Court of Appeals in *Bloom* v. *Jewish Board of Guardians (supra)* already has applied to a Supreme Court action the waiver of immunity contained in section 12-a of Court of Claims Act, appellant's argument that the waiver is limited to actions in the Court of Claims cannot be sustained. Appellant also points out that section 6-a of the County Law has been amended, and section 6-c of the County Law enacted since the enactment of section 8 of the Court of Claims Act, and argues that this is indicative of legislative intent that the county remain immune as formerly, except as modified by those sections of the County Law. Unquestionably, a statute should

not be construed so as unnecessarily to render ineffective another enactment of the Legislature. Here, however, we have no problem of construction. The Court of Appeals in *Bloom* v. *Jewish Board of Guardians* (*supra*) has already stated the meaning and effect of section 12-a of the Court of Claims Act. We merely hold that, since the effect of section 8 is to destroy the immunity of the State, there is no immunity preserved to the county of Erie under the allegations of the complaint here. The subsequent legislative enactments relating to the partial waiver of immunity do not compel us to recognize as existing an immunity which no longer has any source or any basis.

Since the only question raised before the Special Term or upon this appeal is the question of governmental immunity, we make no decision as to whether the complaint is otherwise sufficient to state a cause of action.

The order appealed from is, therefore, affirmed, with ten dollars costs and disbursements.

All concur, except TAYLOR, J., who dissents and votes for reversal and for granting the motion.

Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order affirmed, with ten dollars costs and disbursements.