CLAYTON T. McCARTHY, Appellant, *v.* CITY OF SARATOGA SPRINGS, Respondent.

Third Department, June 29, 1945.

*James D. Connor,* attorney for appellant.

*Butler, Kilmer, Hoey & Butler,* attorneys (*Clarence B. Kilmer, Charles L. Hoey, Francis E. Dorsey, City Attorney,* of counsel), for respondent.

HILL, P. J. The plaintiff appeals from an order which dismissed his complaint. It was pleaded that a police officer in the employ of the defendant City, and while acting as such willfully assaulted plaintiff and inflicted substantial injury. The dismissal was upon the theory that the police officer, although employed by the defendant, was engaged in performing a governmental function, and that the City was not responsible for his acts in that capacity. The Special Term followed the authorities which preceded *Bloom* v. *Jewish Board of Guardians* (286 N. Y. 349).

The State waived its immunity from liability for the acts of its employees while engaged in governmental functions by section 12-a of the former Court of Claims Act (now § 8), and assumed responsibility therefor. (*Jackson* v. *State of New York,* 261 N. Y. 134; *Paige* v. *State of New York,* 269 N. Y. 352.)

In the earlier decisions, the immunity from liability of civil divisions within the State for the acts of officials and employees while performing governmental functions existed because of the historical immunity of the State. A city or a county performing governmental functions does so under delegated powers from the State, and acts under the same immunity, if any, enjoyed by the State. The immunity of a city derived from the State's immunity ceased to exist after the enactment of the Court of Claims section (*supra*). (*Holmes* v. *County of Erie,* 266 App. Div. 220, affd. 291 N. Y. 798.) A quasi-private corporation exercising governmental functions is not immune from liability since the waiver by the State of a like immunity. (*Bloom* v. *Jewish Board of Guardians, supra.*)

The order should be reversed.

BREWSTER, J. (dissenting). If it may be said that the cause of action alleged in the complaint is properly attacked by the motion to dismiss upon the ground that defendant's liability is sought to be established for a tort committed by its City policeman while he was in the discharge of his duties, I am unable to agree with the conclusion reached by the majority for the reason that although the policeman was appointed and paid by the defendant City, still when he was acting in the course of his duties as a policeman and therein is alleged to have assaulted plaintiff, he was not, while so acting, an officer, agent or employee of the defendant City in the sense that the doctrine of *respondeat superior* applies. (*Maxmilian* v. *Mayor*. 62 N. Y. 160.)

In *Bloom* v. *Jewish Board of Guardians* (286 N. Y. 349) the defendant was a special agent of the State and its acts there sued upon as negligence were being directly performed by it within the scope of its delegated powers. In *Holmes* v. *County of Erie* (266 App. Div. 220, affd. 291 N. Y. 798) the defendant was an involuntary agent of the State, created as a civil division thereof for the purpose of government, and its acts charged as negligence were performed directly by it within the range of duties laid upon it. In those cases former section 12-a and its successor section 8 of the present Court of Claims Act were finally construed as abolishing such State agencies' historic immunity from liability and action for its torts, including the torts of its servants and employees, while acting in a performance of delegated governmental functions. In the *Bloom* case (*supra*), at page 353, it was laid down: "An agent of the State is not immune from liability for the acts of *its* employees where the State is not immune." (Emphasis supplied.) Shortly before the *Bloom* case (*supra*) was decided, the Court of Appeals had before it the case of *Berger* v. *City of New York* (285 N. Y. 723) where judgment dismissing the complaint for failure to state facts sufficient to constitute a cause of action was affirmed. There, a policeman of the defendant City commandeered a private motor vehicle and pursued " some suspicious characters " who had fled from him. In the chase his negligent driving killed plaintiff's intestate. (Such was conceded, as was also the right of the policeman to commandeer the motor vehicle.) Liability was there disclaimed upon the expressed ground (260 App. Div. 402) that the statutory liability imposed by the provisions of section 50-a of the General Municipal Law did not apply to the operator of a motor vehicle

which was not owned by the municipality. However, at the time that case arose the waiver section of the Court of Claims Act was in effect, and while it does not appear that the question we have here was expressly raised in the *Berger* case, the fact that the Court of Appeals affirmed the judgment dismissing the complaint fails to convince me either (a) that the sufficiency of the complaint in the light of the provisions of said section of the Court of Claims Act was overlooked, or (b) that the effect of the holding in the *Berger* case was changed by the decisions in the *Bloom* and *Holmes* cases (*supra*).

I think the distinction which saved the city from liability in the *Berger* case and imposed it upon the defendants in the *Bloom* and *Holmes* cases, may be said to lie in natures of the defendants as agencies of the State, the kind and reach of the duty in the performance of which the tort was actually committed and the entity of the alleged wrongdoer's superior. The distinction simply is that a city policeman when acting as such, as a guardian of the peace of the People of the State, is not then and there acting as a servant or employee of the city in the field of *its* agency as then discharging a governmental function.

It is said that the immunity of a city from the liability in question is derived from the State's immunity. I do not understand that to be so. Instead of being derivative from sovereign immunity, it results rather from the premise that the actual wrongdoer, although selected by the municipality in the first instance in performance of a duty laid upon it as a function of government, still when he acts as a policeman in the course of which he commits a tort, is not then acting as an agent, servant or employee of the city. For, he is then, by virtue of the very nature of his work, an officer or agent " of the public at large." The liability of the defendant City as charged is grounded upon the doctrine of *respondeat superior*. Such rule is based upon the existence of " but one superior at the same time and in relation to the same transaction, * * * as the law does not recognize two principals who are unconnected and severally responsible." (*Maxmilian* v. *Mayor, supra,* 163.)

That as between a city and a city policeman the relation of master and servant is nonexistent when the latter acts in the course of his duties as a peace officer, was made clear in the *Maxmilian* case (pp. 165–166) viz: " But where the power is intrusted to it as one of the political divisions of the State, and is conferred not for the immediate benefit of the municipality, but as a means to the exercise of the sovereign power for

the benefit of all citizens, the corporation is not liable for non-user, nor for misuser by the public agents; (*Eastman* v. *Meredith,* 36 N. H. 284). Where the duties which are imposed upon municipalities are of the latter class, they are generally to be performed by officers who, though deriving their appointment from the corporation itself, through the nomination of some of its executive agents, by a power devolved thereon as a convenient mode of exercising a function of government, are yet the officers, and hence the servants, of the public at large. They have powers and perform duties for the benefit of all the citizens. *and are not under the control of the municipality which has no benefit in its corporate capacity from the performance thereof. They are not then the agents or servants of the municipal corporation, but are public officers, agents or servants of the public at large, and the corporation is not responsible for their acts or omissions, nor for the acts or omissions* of the subordinates *by them* appointed; (*Fisher* v. *Boston,* 104 Mass. 87). And where a municipal corporation elects or appoints an officer, in obedience to an act of the Legislature, to perform a public service, in which the corporation has no private interest and from which it derives no special benefit or advantage in its corporate capacity, such officer cannot be regarded as a servant or agent of the municipality, for whose negligence or want of skill it can be held liable. It has appointed or elected him, in pursuance of a duty laid upon it by law, for the general welfare of the inhabitants or of the community. (*Hafford* v. *New Bedford,* 16 Gray, 297.) He is the person selected by it as the authority empowered by law to make selections; *but when selected and its power exhausted he is not its agent, he is the agent of the public for whom and for whose purposes he was selected.*" (Emphasis supplied.)

In view of the Court of Appeals' holding in the *Berger* case, I am, therefore, unable to agree that the construction which has been laid upon section 8 of the Court of Claims Act departs from the principals of law as laid down in the *Maxmilian* case (*supra*).

FOSTER and LAWRENCE, JJ., concur with HILL, P. J.; BREWSTER, J., dissents in opinion in which HEFFERNAN, J., concurs.

Order reversed on the law, with $50 costs, defendant to have ten days after the service of a copy of the order to be entered hereon within which to answer the complaint or otherwise plead. [See *post,* p. 912.]