ROBERT W. YOUNG, Respondent, v. VILLAGE OF POTSDAM, Appellant, et al., Defendants.— The only question presented is identical with that in *McCarthy v. City of Saratoga Springs* (269 App. Div. 469). Order affirmed, with $10 costs and disbursements. Foster and Lawrence, JJ., concur; Heffernan and Brewster, JJ., concur on the authority of *McCarthy v. City of Saratoga Springs* (269 App. Div. 469); Hill, P. J., concurs on such authority and upon *Bernardine v. City of New York* (294 N. Y. 361). [See *post*, p. 1005.]

In the Matter of EDWARD A. RICHARDS, as Executor of VITO GIGLIO, Deceased, Appellant-Respondent. JOSEPH KIRSCH, Claimant-Respondent-Appellant.— Appeal by a tenant from an order awarding $2,000 to him from the deposit made with the Comptroller of the State in an action before the Court of Claims to recover the value of real property, located in the borough of Brooklyn, taken in connection with the elimination of grade crossings of the Long Island Railroad (Atlantic Avenue Branch). The Court of Claims awarded the sum of $22,095 with interest from September 6, 1940, to December 23, 1943, amounting in all to $25,009.08, and directed that the sum be deposited with the Comptroller of the State of New York to be divided between the landowner and the tenant. The Albany Special Term adjudged that the tenant was entitled to the sum of $2,000 in full payment of his rights in the premises. The award was made up as follows: $15,895 value of land, and $6,200 value of the buildings thereon. The buildings had been erected by a former tenant whose interest had been acquired by this claimant-appellant tenant. The old lease had been canceled and a new one made. Claimant-appellant had expended a sum in excess of $5,000 in payment of a mortgage upon the buildings and for other purposes prior to the making of the new lease. The evidence as to value justifies the finding that the value of the lease was $6,000. The court reverses finding numbered 13 contained in the decision and makes a new finding that the fair market value on September 6, 1940, of the unexpired term of the leasehold created by the lease between the said Vito Giglio and the claimant Joseph Kirsch was $6,000. The order is modified by increasing the payment to be made to the tenant Kirsch by the State Bank of Albany, Albany, N. Y., to the sum of $6,000. The order as so modified is affirmed, with costs to Joseph Kirsch, claimant-appellant tenant. All concur.

In the Matter of MICHAEL WILENSKY, Petitioner, against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— This is a review of a disciplinary action of the Board of Regents which found the petitioner guilty of aiding an unlicensed person, namely one Horowitz, to practice dentistry. The evidence as to petitioner's guilt was furnished by two paid investigators. The proof sustains the determination. Determination confirmed, without costs. All concur. [See *post*, p. 1005.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELVIA SULLINGER, Appellant, against FRANCIS C. SHAW, as Director of Dannemora State Hospital, Respondent.— Appeal from an order dismissing a writ of habeas corpus issued to relator. Appellant is undergoing imprisonment under a conviction of assault in the second degree the sentence for which is unexpired and under which, since January 27, 1945, he has been an inmate of the Dannemora State Hospital by virtue of his transfer to such institution in the manner provided by statute. Appellant contends that his mental condition neither authorizes nor justifies his continued detention in the hospital. This is beyond the reach of the office of the writ. (*People ex rel. Stephani v. North*, 91 Misc. 616; *People ex rel. Morriale v. Branham*, 291 N. Y. 312.) Order affirmed. All concur.