SAMUEL DANIELS, Plaintiff, *v.* CITY OF SYRACUSE, Defendant.

Supreme Court, Trial Term, Onondaga County, April 30, 1951.

*Wilfred E. Hoffman* for plaintiff.

*George L. Richardson, Corporation Counsel (James H. O'Connor* of counsel), for defendant.

SEARL, J. A jury has returned a verdict of $1,500 for plaintiff as the result of injuries claimed to have been sustained as the result of an assault made upon plaintiff while leading him through one of the corridors at police headquarters in the city of Syracuse, New York, on January 25, 1950. Plaintiff claimed that the assault was unprovoked, resulting from blows struck

by one of the officers with a night stick and with his fist, resulting in a fracture of plaintiff's right cheek bone and other injuries. The defense was not based upon any alleged provocation by way of the plaintiff resisting the officers, or attempting to escape, but it was claimed that the plaintiff stumbled while being led upon the stairs leading from the second floor. A jury evidently concluded that so serious an injury would not reasonably be expected to result from such a fall. The court cannot grant a new trial based upon the weight of the testimony. If granted at all, it must be as a matter of law.

The Legislature, by chapter 467 of the Laws of 1929, amended the Court of Claims Act (§ 12-a, now § 8). By the amendment the State waived its immunity from liability for the torts of its officers and employees. Such waiver pronounced that the State no longer used the mantle of sovereignty to protect itself from the consequences following negligent acts of individuals, regardless of whether the agents were employed in a governmental or administrative capacity. (*Jackson* v. *State of New York,* 261 N. Y. 134.) That such waiver of immunity extended to subdivisions of the State, counties, and cities, and even to quasi-private corporations exercising governmental functions, has been established by many authorities, including *Holmes* v. *County of Erie* (266 App. Div. 220, affd. 291 N. Y. 798) and *Bloom* v. *Jewish Bd. of Guardians* (286 N. Y. 349).

However, the defendant in the instant action has presented the argument that when a policeman, acting in the course of duty, commits a tort, he is not acting as an agent or servant in the employ of the city, but that he is acting beyond his authority and that the city should not be held liable upon the doctrine of *respondeat superior.* One of the first authorities touching liability for the negligent acts on the part of the police department was *Bernardine* v. *City of New York* (294 N. Y. 361), where it was held that damage resulting from a runaway police horse might properly make the municipality liable, if negligence were shown. At about the same time (1945), the decision in *McCarthy* v. *City of Saratoga Springs* (269 App. Div. 469) appeared. In the *McCarthy* case it was claimed that a city police officer of the defendant willfully assaulted the plaintiff and inflicted substantial injuries. Although the decision was by a divided court, still this decision is the law, as indicated by the later decision in *Young* v. *Village of Potsdam* (269 App. Div. 918). Then all members of the court, in the same department as in the *McCarthy* case, unanimously concurred, relying on the *McCarthy* case. Still later (1950), the Third Department confirmed the

two earlier decisions so far as holding that the civil divisions of the State lost their derivative immunity even for acts on the part of the municipality's police officers. (See opinion of Justice FOSTER in *Koeppe* v. *City of Hudson,* 276 App. Div. 443, 444.)

Any argument that the amendatory provisions referred to in the Court of Claims Act only refer to litigation in the Court of Claims cannot be sustained. There are no provisions of the State Constitution limiting the jurisdiction of the Supreme Court as against acts done by agents of subdivisions of the State for damages resulting from negligence. Had the Legislature intended to oust the Supreme Court of jurisdiction, such statute would be invalid. (*Columbia Mach. Works* v. *Long Is. R. R. Co.,* 267 App. Div. 582.)

Defendant's motion for a nonsuit, upon which decision was reserved at the end of plaintiff's case, and at the end of the evidence, is denied.

Order accordingly.