William E. Ringel, J.
The defendant has demurred to the second count of the information filed against him in the instant case. This count relates to section 962-a of the Penal Law and in substance alleges that the defendant, being a party to an agreement to pay and provide certain benefits and wage supplements to employees, failed to do so.
Where a demurrer is interposed, the facts as they are alleged must be assumed to be true. (People v. Decina, 2 N Y 2d 133.)
In support of his position, defendant argues that section 962-a applies only to employers engaged on public works and since there is no such allegation in count 2, no crime has been charged and the demurrer must be sustained.
It is the position of the People and the amici curice that section 962-a applies to all employers. The issue, thus drawn, is quite clear and the question here presented is one of first impression.
To resolve this issue we must first examine the statute.
Section 962-a was added by chapter 825 of the Laws of 1958, effective July 1, 1958, and reads as follows:
1 ‘ Sec. 962-a. Failure of employers to provide certain benefits for employees.
‘ ‘ In addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to pay or provide benefits, or wage supplements as defined in section two hundred twenty of the labor law, and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor and upon conviction shall be punished for a first offense by a fine of five hundred dollars' or by imprisonment for not more than one year, or by both such fine and imprisonment. Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.”
Wage supplements as defined in section 220 of the Labor Law is set forth in paragraph b of subdivision 5 thereof and reads as follows: “ ‘ Supplements,’ for the intents and purposes of this article, means all remuneration for employment paid in any medium other than cash, or reimbursement for expenses, or any payments which are not ‘ wages ’ within the meaning of the law, including, but not limited to, health, welfare, non-oecupational disability, retirement, vacation benefits, holiday pay and • life insurance.”
*473 • The defendant does not quarrel with this definition of “ Supplements ”, but he says that this only applies to employers engaged on public works. Section 220, he argues, is a part of article 8 of the Labor Law and article 8 is captioned “ Public Work ”, and since this definition comes under the article governing public works, then this definition as incorporated in section 962-a cannot enlarge the definition of that term to include all employers, but is limited strictly to employers engaged on public works.
Is this what the Legislature intended by the enactment of section 962-a? In interpreting statutes the court must bear in mind that the legislative intent is a primary consideration. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 92, 111 ; Metropolitan Life Ins. Co. v. Durkin, 276 App. Div. 394, affd. 301 N. Y. 376.)
We know that subdivision 9 of section 220 and section 220-d of the Labor Law provide criminal penalties for the failure of public works contractors to pay prevailing wage supplements. Should this court adopt the construction that defendant places on section 962-a of the Penal Law, we would be faced with a conflict between the Labor Law and Penal Law sections.
Section 97 of McKinney’s Consolidated Laws of New York (Book 1, Statutes) states in part: “ Not only are different parts of the same act interpreted together, but different acts which are in pari materia are to be construed each in the light of the other. In seeking the legislative intent, words absolute in themselves and the broadest and most comprehensive language may be qualified and restricted by reference to other parts of the statute or to other acts on the same subject, or by the facts to which they relate ”. (Levine v. Bornstein, 4 N Y 2d 241.)
An examination of the history of section 962-a should throw additional light on the legislative intent.
As recently as 1955 it was held that failure of an employer to pay vacation pay was a violation of section 1272 of the Penal Law. However, our Court of Appeals, in December, 1955, held to the contrary. (People v. Vetri, 309 N. Y. 401.) The Vetri case, as in the case at bar, involved failure to pay vacation pay. In reversing the Appellate Division in that case, the Court of Appeals by Cohn, J., said: “ If the Legislature desires to provide that failure to pay vacation moneys or other benefits due an employee be deemed criminal, this purpose can readily be effected by appropriate amendment to the Labor Law or to the Penal Law ” (p. 408).
*474 In 1956, section 220 of the Labor Law was amended by the addition of paragraph b of subdivision 5 defining vacation pay as included within the terms of “ Supplements (L. 1956, eh. 750, eff. April 1,1956.)
Section 220 of the Labor Law refers entirely to public works and section 220-d and subdivision 9 of section 220 thereof, also amended by chapter 750 of the Laws of 1956 include the same penalties against public works employers as is set forth in section 962-a of the Penal Law, i.e., these sections make it a misdemeanor for a public works employer to fail to pay the prevailing wage supplements.
In 1958 the Governor in his message to the Legislature stated as follows: ‘1 Where any employer fails to pay agreed-upon wages or the State-established minimum, the Industrial Commissioner does have the authority to collect for the employees, and this program has been steadily increased in effectiveness during the past three years. * * * The law does not however extend to the collection of vacation pay, holiday pay, and severance pay, even where the employer has agreed in writing to make such payments. This loophole in the power of the Industrial Commissioner should be closed.10 ” (N. Y. Legis. Annual, 1958, p. 356.)
On the bottom of this same page, referring to footnote “ 10 ”, we find the following:
“ 10 Introduced as S. I. 729, Farrell; A. I. 955, Caffery; which failed. However, Ch. 825 (S. I. 3627, Rules Com.) provided for such authority to collect wages as defined by § 220 of the Labor Law.” (Emphasis supplied.)
From the foregoing, it would be reasonable to conclude that after the decision in the Vetri case, it was the intent of the Legislature to make it a misdemeanor for any employer, whether engaged in public works or not, to fail to pay supplements, such as vacation pay, where he has agreed to do so.
The intention of the Legislature being clear, we must now determine if the Legislature effectuated that intent by appropriate, clear and unequivocal language when it enacted section 962-a of the Penal Law. We think it has.
Words used in a statute must be given their everyday, commonplace interpretation. We cannot strain their meaning. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 94 ; Gaulang Realty Co. v. Dyer, 207 Misc. 480, affd. sub nom. Seligson v. Dyer, 207 Misc. 489.) Nor is a particular provision of an act to receive a special meaning, generally speaking, at variance with the general purpose and spirit of the act. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 98 ; City *475 Bank Farmers Trust Co. v. Ardlea Corp., 267 N. Y. 224 ; Cummings v. Board of Educ., 275 App. Div. 577, affd. 300 N. Y. 611.) Nor should a statute be so construed so as to unnecessarily render ineffective another legislative enactment. (See Labor Law, § 220, subd. 9, § 220-d ; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 141 ; Holmes v. County of Erie, 266 App. Div. 220, affd. 291 N. Y. 798.)
Section 962-a uses the words “any employer” in referring to the persons covered by the act. Bearing in mind the rules of statutory construction cited above, ‘ any employer ’ ’ must be read to mean anyone “ who employs [the service of others] ”. (Webster’s New Int. Dictionary.) The general rule that a relative word or clause relates to the next antecedent is applicable in this case. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 254.) Additionally, the words “wage supplements as defined in section two hundred twenty of the labor law ”, as they appear in section 962-a of the Penal Law can only be interpreted as the borrowing of a definition from section 220 of the Labor Law. This is the plain meaning of the language used. To adopt defendant’s interpretation of the use of these words would be to strain and warp the meaning of the language in violation of the rules of statutory construction. Furthermore, had the Legislature intended to limit the application of this section only to employers engaged on public works, it is reasonable to assume that they would have said so.
One further point: If defendant is correct in his contention then the enactment of section 962-a of the Penal Law was a piece of redundant legislation in view of the prior existence on our statute books of subdivision 9 of section 220 and section 220-d of the Labor Law. It is difficult to believe that the Legislature would indulge in such a practice. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 141 ; Matter of Breen v. Board of Trustees of N. Y. Fire Dept. Pension Fund, 299 N. Y. 8.)
It is accordingly the conclusion of this court that the provisions of section 962-a of the Penal Law apply to all employers and is not limited to those engaged on public works. The demurrer is therefore overruled.