Richard J. Cardamons, J.
This is a motion to dismiss the plaintiff’s complaint pursuant to CPLR 3211 (subd. [a], par. 7) on the ground that the pleading fails to state a cause of action.
The plaintiff’s complaint seeks to recover damages allegedly sustained by the plaintiff corporation as a result of claimed negligent acts of the Common Council and the executive branch *406 of the defendant municipality. The basis for.the motion is that the negligence complained of is that of the City Clerk of the City of Utica and since his actions involved a purely governmental function, no action will lie against it for the negligence of one of the city clerks in the performance of his duties.
There is presently a motion pending before this court (Mead, J.) for a dismissal of the plaintiff’s complaint on a different ground. Such motion is no bar to the present one. CPLR 3211 (subd. [e]) provided that “ Any objection or defense * * * based upon a ground specified in paragraphs * * * seven * * * of subdivision (a) may be made by motion at any subsequent time or in a later pleading”. Accordingly, the defendant city may have set forth this defense in its answer or may, at its own option, make a motion under CPLR 3211 at any time. Motions under paragraph 7 of subdivision (a) are not limited.
The facts appear to be as follows: On January 15, 1964, the Common Council in the City of Utica rezoned the plaintiff’s premises at 10 Higby Road in the city from A to B-l. The ordinance was signed into law on January 23, 1964 by the Mayor of the city. Thereafter the plaintiff began preparation for the construction of a modern luxury apartment building on its premises. In January of 1965 plaintiff learned that the City Clerk’s office of the city had failed to give the proper legal and required notice of a hearing regarding the proposed change in zoning to neighboring property owners. The plaintiff also learned that the City Clerk’s office had negligently advised the Common Council that all the necessary rules and regulations had been complied with. It is these acts by the City Clerk that are the gravamen of the plaintiff’s complaint and the defendant’s motion for a dismissal of the same.
The State, its counties, cities, towns and villages are answerable in civil "suits for the wrongs of their officers and employees (Bernardine v. City of New York, 294 N. Y. 361; Bloom v. Jewish Bd. of Guardians, 286 N. Y. 349, 352-353). Immunity is no longer bestowed on the municipality because it was engaged in the performance of a governmental function (Holmes v. County of Erie, 266 App. Div. 220, affd. 291 N. Y. 798), or because the negligence alleged consisted in nonfeasance rather than misfeasance (McCrink v. City of New York, 296 N. Y. 99; Meistinsky v. City of New York, 309 N. Y. 998).
Where the act is a discretionary or quasi-judicial act, however, no liability is imposed upon the public official whose act or failure to act caused the plaintiff damages; nor does any liability fall upon the municipality for whom the public official *407 served either as agent or employee. (Rottkamp v. Young, 21 A D 2d 373, 375, 377, affd. 15 N Y 2d 831; Matter of Pansa v. Damiano, 21 A D 2d 974.)
Here, however, the duty imposed upon the City Clerk of the defendant city was merely ministerial, i.e. it was his duty to give notice to those whose real property was within 100 feet of the premises proposed to be rezoned. No judgment or discretion on his part was involved; nor does immunity attach to the municipality for his actions in this connection. (Bernardine v. City of New York, supra; Holmes v. County of Erie, supra.) Defendant’s motion is denied, without costs.